RAILWAY COMPANY *v*. DAUGHTRY, Adm'r.

(*Jackson.*   May 1, 1890.)

1. CHARGE OF COURT.   *When special request for instructions must be made.*

It is not error for the Court to refuse to give special or further instructions to the jury unless they are requested after the delivery of the general charge.

(See Railroad *v*. Foster, *ante*, p. 671 ; and Railroads *v*. Hendricks, *ante*, p. 710.)

2. DAMAGES.   *Exemplary allowable when death is instantaneous.*

In suit for negligent injury causing instantaneous death of a person, it is not error for the Court to charge that exemplary damages are recoverable if the injury was attended by gross negligence of the wrong-doer.

Case cited and approved: Haley *v*. Railroad, 7 Bax., 242.

---

FROM DYER.

---

Appeal in error from Circuit Court of Dyer County.   T. J. FLIPPIN, J.

Action brought by R. S. Daughtry, administrator of John W. Daughtry, deceased, against the Kansas City, Memphis and Birmingham Railroad Company and the Kansas City, Fort Scott and Memphis Railroad Company for the negligent killing of his intestate.

46—4 p

The case was dismissed as to the first named company, and there was verdict and judgment for $8,000 against the latter named company.

From this judgment the company appealed and assigned errors.

The death of the intestate resulted instantaneously. He was crushed beneath the cars of said company as he was endeavoring to make a crossing in the city of Memphis.

The Court charged the jury that they might give exemplary damages if the death resulted from the gross negligence of the railroad company.

After the evidence was closed, and before the general charge of the Court was delivered, the defendant presented several requests for special instructions, which were refused.

C. H. TRIMBLE and J. W. BUCHANAN for Railway Company.

GANTT & PATTERSON and TURLEY & WRIGHT for Daughtry.

TURNEY, Ch. J.   The first nine assignments of error are based on the failure of the Court to give in charge requests made before the Court had charged the jury. Under our rule there was no error in the refusal.

It was not error to allow the jury to assess exemplary damages. This question was directly raised and decided in *Haley* v. *Mobile and Ohio*

*Railroad Company*, 7 Bax., 242. In that case the Circuit Judge instructed the jury that "if plaintiff's intestate was killed by defendants, and died instantly, no vindictive or exemplary damages could be recovered." Chief Justice Deaderick, after a full review of the cases of this and other States, concludes: "We are of opinion that the charge of the Court complained of was erroneous as given, and if the elements of fraud, malice, gross negligence, or oppression existed in the case, whether death was instantaneous or not, exemplary damages might be recovered." This ruling has been followed for sixteen years, and we see no reason to disturb it. It is sound and just.

We have passed upon the question of removal to the Federal Court in a case just disposed of with very similar facts—*Chesapeake, Ohio and Southwestern Railroad* v. *Hendricks, Administrator.* The other matters assigned do not constitute reversible error.

Affirmed.