SHANE v. BUTTE ELECTRIC RY. CO. et al.

(Circuit Court, D. Montana. November 12, 1906.)

No. 312.

1. REMOVAL OF CAUSES—AUTHORITY OF STATE COURT—QUESTIONS OF FACT.

A state court is without authority to try questions of fact arising upon a petition for removal, but must accept the facts alleged therein as true, and if they are sufficient in law, and a sufficient bond is filed, it is its duty to order the cause removed leaving any issues of fact affecting the question of the jurisdiction of the federal court to be determined by that court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 193.]

2. SAME—JOINT ACTION—SEPARABLE CONTROVERSY.

Where a complaint in a state court alleges a joint cause of action against a nonresident corporation and its resident servant, the question of improper joinder cannot be raised by allegations and denials in a petition for removal filed by the corporation, but the question of removability unless fraud is shown must be determined by the complaint.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, §§ 193, 195.]

3. SAME—MOTION TO REMAND—FRAUDULENT JOINDER.

Where the complaint in an action in a state court states a joint cause of action for negligence against a nonresident corporation and its resident servant, a denial of the alleged joint negligence in a petition for removal filed by the corporation makes no issue of fraudulent joinder, nor will further allegations of facts, although, as the trial developed, there was no joint liability, be considered by the federal court on a motion to remand, where it would necessarily involve a trial of the cause on the merits.

4. SAME.

On a motion to remand, in an action against a nonresident and a resident defendant, the motive of the plaintiff in making the joinder is immaterial, and cannot make such joinder fraudulent where, tested by the allegations of the complaint, plaintiff had a legal right to sue jointly, and there is nothing substantially impugning his good faith.

5. SAME.

In distinguishing between a wrongful and a justifiable purpose, in seeking state rather than federal jurisdiction, where a resident and a nonresident defendant are joined, the court must be guided by the showing in each case; but mere denials of allegations of the complaint in a petition for removal, coupled with a statement that the resident defendant is without means, are not sufficient to impugn plaintiff's good faith, where he resists the petition by a counter showing.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 79.]

6. SAME.

To warrant a federal court in retaining jurisdiction of an action removed from a state court, in which a nonresident and a resident defendant are joined, on the ground that such joinder was fraudulent, it must appear to the satisfaction of the court that such joinder was wrongful, and for the purpose of preventing a removal by a defendant who is entitled to that right.

7. SAME—AMENDMENT OF PETITION—STATING NEW GROUNDS.

Where a petition for removal in connection with the record, as presented to the state court, fails to disclose grounds for removal, the federal court, after the cause has been removed, has no authority to permit an

150 F.—51

amendment of the petition to state other and different grounds of removal, inconsistent with those stated in the original petition.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, §§ 203, 229.]

On motion to remand to state court, and motion for leave to amend petition for removal.

John J. McHatton, for plaintiff.
Wm. Bickford and Geo. F. Shelton, for defendant.

HUNT, District Judge. Plaintiff is a citizen of the state of Montana. The defendant Butte Electric Railway Company is a corporation organized and existing under the laws of the state of West Virginia. Defendant Alfred Jackson is a citizen of Montana. The action was brought in the district court of the second judicial district of the state of Montana, to recover damages alleged to be due by the defendants to the plaintiff for injuries which he charges were done to him by the negligence of the defendants at Butte. It appears from the plaintiff's complaint that the defendant Butte Electric Railway Company operates an electric railway at Butte, and that about August 20, 1905, plaintiff became a passenger upon a car of the defendant company; that the defendant Jackson was the motorman, and, it is alleged, with the defendant company, was jointly running and operating the car upon which plaintiff was riding; that the car collided with a freight car of the Butte, Anaconda & Pacific Railway Company at a crossing upon one of the streets in Butte; that the crossing was a dangerous place, and that through the negligence and carelessness of the defendants, the collision occurred, the car was wrecked, and plaintiff was seriously injured.

The defendant Butte Electric Railway Company filed a demurrer in the state court. The demurrer was general and special. The defendant Butte Electric Railway Company also filed a petition for the removal of the case to the Circuit Court of the United States, alleging that the suit involved a controversy wholly between citizens of different states, which could be fully determined between them; that is, a controversy between the petitioner, a citizen of West Virginia, and plaintiff, who was a citizen of Montana. The petitioner set forth the nature of plaintiff's complaint, and averred that the action against the petitioner was one founded upon contract of hire for the transportation by a common carrier of passengers, while, if there was any duty owing from the defendant Jackson to the plaintiff, it arose out of the obligation of one person not to injure another negligently, and was not founded upon contract, but arose out of a tort, and that the cause of action against the carrier affected the petitioner alone, while the cause of action against the motorman Jackson affected him alone. Petitioner further set forth that there was a fraudulent and improper joinder of the defendant Jackson, a citizen of Montana, with the petitioner, for the sole purpose of defeating the jurisdiction of the United States Court, and preventing the removal of the cause. Petitioner alleged that defendant Jackson, although made a party, had not been served with process, and no effort had been made to serve him. Petitioner

then set up that plaintiff must have known, and did know, that the railway company was not operating the car jointly with the motorman Jackson, and that the motorman had nothing whatever to do with accepting plaintiff as a passenger; and that at the time of the collision Jackson was not engaged in operating the car jointly with the petitioner, and that the motorman Jackson did not participate in receiving the fare from the plaintiff for his transportation; but that notwithstanding these facts, plaintiff had falsely stated that the defendants had permitted him to become a passenger, and had received his fare, whereas the petitioner had collected the fare through the conductor, and not the motorman. The petitioner avers that the defendants did not accept plaintiff as a passenger, and were not bound to deliver him safely at his destination; and that the allegations made by plaintiff were untrue, and known by him to be untrue, and that they were falsely made for the sole and express purpose of defeating the jurisdiction of the United States Circuit Court. Petitioner then avers that the fraudulent motive of the plaintiff is apparent, in that the motorman Jackson, made a defendant, is entirely without responsibility financially, and that plaintiff does not expect to pursue his remedy, if any he has, against Jackson, and only makes him a party, without expectation of recovery from him, for the fraudulent purpose solely of preventing a removal to the United States Circuit Court. Petitioner gave the necessary bond, and thereafter an order of removal was made by the judge of the state court. After the cause was removed to this court, plaintiff moved to remand, upon the ground that the federal court is without jurisdiction; that there is no separable controversy existing between plaintiff and either of the defendants, and that the cause of action stated is a joint one against both defendants; and that no fraud on the part of plaintiff in commencing the action against both of the defendants is shown.

Plaintiff also filed two affidavits—one made by John J. McHatton, Esq., his counsel, who swears that he consulted with the plaintiff and prepared the complaint, and determined the matter and manner of bringing suit, and the allegations to be contained in the complaint. He denies all the allegations alleging fraudulent or improper joinder of the defendant Jackson for the purpose of defeating the jurisdiction of the federal court, and avers that the action was brought in good faith against both defendants, because there is a good joint cause of action against both, and that defendants are both liable to plaintiff for the injuries sustained, and that affiant believed he could properly join the two defendants under the allegations of the complaint. Affiant says that he directed that summons should be served upon both defendants, and he alleges that he believes that defendant Jackson is responsible for negligence with the defendant company, and that he acted in conjunction with the defendant company; and that in law and in fact Jackson and the defendant company were jointly operating the car; and that the allegations of the complaint are each and all true and legally properly stated. He avers that he brought the action in good faith with the intention of prosecuting it to judgment against both defendants, as he has a right to do, and as he intends to do. There is also an affidavit filed by John G. Brown, an

assistant in the office of Mr. McHatton, counsel for plaintiff, in which affidavit Mr. Brown says that he placed the summons in the hands of the sheriff of Silver Bow county, with directions to serve the same upon both defendants, and that the order has not been revoked.

When the motion to remand to the state court came on for hearing in this court, the defendant Butte Electric Railway Company resisted the same, and its counsel asked leave to amend the petition for removal by inserting therein that the defendant Alfred Jackson was at the time of the beginning of the suit, and ever since has been, and still is, a resident and citizen of the state of Minnesota. Plaintiff objects to such proposed amendment, and contends that this court has no authority to allow it, for these reasons: That the defendant Butte Electric Railway Company did not ask the removal of the cause from the state court on any ground, except that there was a separable controversy between itself and plaintiff; and, further, that the amendment proposed is a matter of substance, which was not contained in the petition for removal, and was not a ground relied upon in the petition filed in the state court.

In proceeding with the investigation of this case, studying the point raised that the federal court is without jurisdiction, I find it becomes necessary for me to determine whether the state court ought ever to have ordered a removal at all; that is, whether this was not an instance of where a pure question of law only was presented to the state court. Had the petition been merely a denial of the allegations of the complaint, and had the averment of fraud been based on such denials, and such denials only, then nothing but a question of law as to fraud would have been presented by the petition and record, and the showing for removal would have been insufficient as matter of law. But, as other facts were stated in the petition, particularly those to the effect that plaintiff was not summoning defendant Jackson into the state court, and was making no effort to summon him, and that he falsely stated facts which he knew to be untrue, some of which are not involved in the gist of the action, the state court, admitting, as it had to, that the facts in the petition were true, was obliged to hold that petitioner was entitled to removal of the case, and therefore that an order of removal should follow. Whatever the earlier federal practice may have been permitting inquiry into facts by the state court before removal was had (Ladd v. Tudor, Fed. Cas. No. 7,975), and whatever the opinions of certain state courts may have been to the same effect (Amy v. Manning, 144 Mass. 153, 10 N. E. 737, Kansas City, Ft. Scott, etc., Ry. Co. v. Daughtry, 88 Tenn. 721, 13 S. W. 698), the law is now settled by positive decisions of the Supreme Court of the United States that there is no authority in the state court to inquire into the truth of facts alleged in the petition for removal; and, from this, it logically follows that where, for instance, fraud is properly alleged against plaintiff, by charging facts showing that he is joining a defendant whom he has not served, and whom he does not intend to serve with summons, the case is one involving an inquiry into facts, and such inquiry can only be had in the circuit court of the United States.

In Burlington, etc., Railway Company v. Dunn, 122 U. S. 513, 7 Sup. Ct. 1262, 30 L. Ed. 1159, the Supreme Court, through Chief Justice Waite, removed any uncertainty that had previously arisen by failure to understand fully the utterances of the Supreme Court in the cases of Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. 799, 29 L. Ed. 962, Carson v. Hyatt, 118 U. S. 279, 6 Sup. Ct. 1050, 30 L. Ed. 167, and Railway Company v. Ramsey, 22 Wall. 322, 22 L. Ed. 823, wherein there had been implications, at least, that the state courts were at liberty to consider the actual facts, as well as the law arising on the face of the record, after the presentation of petitions for removal. The Chief Justice said that no decision, permitting consideration of the actual facts, as well as the law, by the state court, had been made, but to clear any possible doubt, he explicitly declared that the record closes, "so far as the question of removal is concerned, when the petition for removal is filed and the necessary security furnished. It presents then to the state court a pure question of law, and that is, whether, admitting the facts stated in the petition for removal to be true, it appears upon the face of the record, which includes the petition and the pleadings and proceedings down to that time, that the petitioner is entitled to a removal of the suit. That question the state court has the right to decide, for itself," etc. Now, following this rule, where in the petition for removal there is any statement of fact made which entitles the petitioner to have the case removed, the state court must accept such statement to be the truth, and order the removal. Furthermore, it follows from this that the state court, being limited to the consideration of the face of the petition and pleadings and other records in the case the plaintiff is not in a position to try in the state court any issue which he might raise by controverting the allegations of the petition, as it is impossible for him to obtain a decision by that court, for lack of authority therein to pass upon the questions raised. The record in the state court ends with the petition for removal, and, as said, if that paper states facts entitling the petitioner to the removal, the state court must order a transfer of the case. Of course, it is not to be understood that removal must be had, if the question be purely one of law. A question of law may arise upon a petition praying for a removal, where the petitioner alleges that, under the facts in the complaint, the cause of action stated is a separable controversy, or it may arise where petitioner only denies the allegations of the facts in the complaint, yet prays a removal. Decision of such questions may often be had as legal questions solely upon the averments of the complaint and petition. But where there are denials of the facts by the complaint, coupled with further affirmative matter, such, for instance, as that the servant is made a defendant with his master, when, under the true facts, the servant could not be held liable, for the reason, let us say, that the servant was not in the state when the accident happened, and the petitioner properly sets forth the facts relied upon, then the question ceases to be one purely of law, because the facts, as stated in the petition, must be regarded by the state court as true; hence the petitioner is entitled to an order of removal.

Removal, therefore, being proper in such a case, the federal court,

under the decision in the Burlington, etc., Case, supra, is made the exclusive judge of the facts presented by the record, and upon an inquiry had in the federal court, decision of the issue of fact must be made, yet only in so far as is requisite to determine jurisdiction.

In Kansas City Railroad v. Daughtry, 138 U. S. 298, 11 Sup. Ct. 306, 34 L. Ed. 963, I find a decision which is very close to the case under consideration, and of unusual importance in its bearing upon questions of removal, such as are presented in this case. That was an action commenced in the state court of Tennessee by Daughtry, as administrator, against the Kansas City, Ft. Scott, & Memphis Railroad Company, and the Kansas City, Memphis & Birmingham Railroad Company, for damages for the death of John W. Daughtry. The Kansas City, Ft. Scott & Memphis Railroad Company petitioned for a removal to the Circuit Court of the United States, alleging, among other things, that the controversy was between citizens of different states, the petitioner being a citizen of Missouri, while plaintiff was a citizen of Tennessee; that the suit involved a controversy wholly between the administrator and the petitioner, which could be fully determined as between them without the presence of petitioner's codefendant; that petitioner's codefendant was a citizen of Tennessee, and that the acts alleged to have been done jointly by petitioner and its codefendant were, if done at all, done by petitioner alone; and that petitioner's codefendant never owned, or controlled, or used the railroad track upon which the acts were alleged to have been done; and that the Kansas City, Memphis & Birmingham Railroad Company was joined as a nominal party defendant for the sole purpose of preventing the petitioner from removing the case to the Circuit Court of the United States. The administrator filed his affidavit in the state court, stating that he was a citizen of Arkansas, and that all the beneficiaries were citizens of Arkansas. The state court was of the opinion that the petition and affidavit did not entitle the petitioner to the order of removal prayed for, and removal was refused. Trial was had, a verdict was rendered for plaintiff, and the case was appealed to the Supreme Court of the state of Tennessee. That court affirmed the ruling of the lower court upon the question of removal, whereupon the cause was taken to the Supreme Court of the United States by writ of error. Chief Justice Fuller said:

"The Supreme Court of Tennessee was of opinion that it was competent for the state circuit court to pass upon the issue of fact made by the affidavit of Daughtry upon the statement in the petition in regard to his citizenship, and to retain the suit, because on that issue the railroad company had not shown that he was a citizen of Tennessee; but it is thoroughly settled that issues of fact raised upon petitions for removal must be tried in the Circuit Court of the United States. Crehore v. Ohio & Mississippi Railway, 131 U. S. 240, 9 Sup. Ct. 692, 33 L. Ed. 144; Burlington, Cedar Rapids, etc., Railway v. Dunn, 122 U. S. 513, 7 Sup. Ct. 1262, 30 L. Ed. 1159; Carson v. Hyatt, 118 U. S. 279, 6 Sup. Ct. 1050, 30 L. Ed. 167. In Louisville & Nashville Railroad v. Wangelin, 132 U. S. 599, 10 Sup. Ct. 203, 33 L. Ed. 473, the case came before us on a writ of error, bringing under review the judgment of the Circuit Court remanding the cause to the state court, and the language of the opinion has no relation to the action of the latter court.

"It is true that the petition was not verified, contrary to good practice, and that Daughtry's affidavit was explicit, so that if the record had been filed in

the Circuit Court, the cause would, as it then stood, have been remanded, but this would not justify the state court in acting upon the facts, though it arrived at the same result. If, however, the denial of the application was right as matter of law, the judgment should not be reversed."

It will be observed that the court cited the case of Burlington, etc., Railway v. Dunn, supra, and reiterated that issues of fact raised upon petitions for removal must be tried in the Circuit Court of the United States; the court even going so far as to hold that, although, upon the affidavit filed in the state court, remand would have been had by the Circuit Court of the United States, if filed there, yet, the state court was not justified in acting upon the facts as presented by the affidavit, even though the same result would have been arrived at by federal and state courts. I regard this case as explicitly determining that the state court is precluded from considering any facts, no matter what they may be, except as they may only present a pure question of law.

About a year after the decision of Railroad Company v. Daughtry, just cited, Judge Putnam, in Sinclair v. Pierce et al. (C. C.) 50 Fed. 851, held, upon the authority of the Daughtry Case, that a state court has no jurisdiction to determine questions of fact arising on petition for removal, and that if a motion to remand is made and heard in the United States Circuit Court, and by that court allowed, the decision of the federal court is conclusive in all courts, and terminates the controversy as to the right or regularity of removal. He cited In re Coe, 49 Fed. 481, 1 C. C. A. 326.

In Postal Telegraph Cable Company v. Southern Railway Company (C. C.) 88 Fed. 803, the Postal Telegraph Cable Company, by proceedings in a state court in North Carolina, sought to condemn a right along the right of way of the Southern Railway in that state. The Southern Railway Company petitioned for removal, relying upon two grounds—the diverse citizenship between it and the telegraph company, and that the matter in dispute exceeded in value $2,000, besides interest and costs. The state court refused to remove the case upon the sole ground that the matter in dispute was not of value exceeding $2,000. The Southern Railway Company then filed a transcript of the record in the Circuit Court of the United States, praying for an injunction. The controlling question considered by Judge Simonton was whether the state court could consider the facts as to the value of the matter in dispute. It was held that upon the truth of the facts depended the right of removal:

"Issue," said the court, "was joined upon one of these facts,—the jurisdictional amount; and the superior court, inadvertently it is sure, passed upon that issue. It could be decided nowhere but in this court. This being the case, and the petition on its face stating the two essential facts for removal, the case was ipso facto removed, and the state court could proceed no further, upon the filing of the petition and the bond; that is, just so soon as they were filed. It is very clear, therefore, that the state court could have taken no other action in this cause from the date of the filing of the petition and bond, and that the efforts of the plaintiff in the state court to procure orders from that court were coram non judice, and very properly refused."

I therefore hold that the action was properly removed by the state court, and that the record made there supplemented by the affidavits of

plaintiff filed in this court, and the motion to remand, constitute the papers upon which this court must now act.

The basis of the grounds for the petition to remove the case from the state to the federal court may be placed under two heads: (1) That the controversy is a separable one, because under the facts, as set forth in the petition, the liability of the defendant company, if any, was founded upon contract, while that of the defendant Jackson, the motorman, was necessarily founded in tort; and (2) that Jackson is fraudulently and improperly made a codefendant, because he has never been served with process, and no effort has been made to bring him into court; because the plaintiff knew that the defendant company and Jackson did not jointly operate the car and receive the plaintiff as a passenger, and accept fare from him, but that the car was run and operated by the defendant company alone; because the statements made in the complaint are untrue, and were made for the sole and express purpose of defeating the jurisdiction of the United States Circuit Court; and because the defendant Jackson was and is financially irresponsible, and plaintiff has no expectation of recovery against him.

The plaintiff, by affidavit, sufficiently denies these averments of fact as well as of law. I find it unnecessary to discuss the question whether or not a joint cause of action is stated in plaintiff's complaint. Plaintiff has framed his allegations so as to bring his case within the doctrine of the Alabama Southern decision, as pronounced by the Supreme Court, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, and plainly there is no separable controversy stated in the complaint. So far, therefore, as the petition for removal is based on facts upon which defendant petitioner makes its averments, that there can not be a joint tort, because the liability of the master cannot be the same as that of the servant, the question involved is disposed of by saying that, there being a joint cause of action stated against defendants, it can not be disregarded because traversed by the petition of the defendant company. Plaintiff has a right to select his own manner of bringing his suit. If he has improperly joined causes of action, he may fail upon trial; the question may be raised by answer, and the rights of defendant adjudicated. But the question of removability, unless fraud is shown, must be determined by the complaint, which contains plaintiff's case. I do not understand the learned counsel for petitioner to dispute that such is the law of the Alabama case cited; and I do not understand that his client would urge this court to refuse to remand the cause unless it has made a sufficient showing of fraudulent joinder.

As to the issue of fraud, the petitioner's position may be stated this way. Inasmuch as it sets up denials and statements of fact which may show no joint liability on the servant's part, and a knowledge of such facts by plaintiff, and that plaintiff's only purpose in joining the servant was to defeat the right of removal, and that plaintiff does not expect to pursue his remedy against the servant; therefore it contends there is a misjoinder which is necessarily fraudulent in law, and the federal court should retain the case. This brings us then directly to the question of fraud, as presented by the record now

before the court. A simple denial of the acts alleged to have been jointly done by the master and servant makes no issue of fraudulent joinder. That is clear. Nor does the further allegation that plaintiff knew that the servant and master were not operating the car upon which plaintiff was a passenger, justify an inference of fraud, when we remember that the allegation of the complaint is that both did operate the car, and petitioner concedes the fact that defendant Jackson was motorman. Under such a condition of the record, the petition is but a denial of the facts and law which may or may not impose legal liability upon the two defendants, as the case may be developed upon the trial. The federal court, however, upon a motion to remand, which only pertains to jurisdiction, will not, unless some very unusual reason makes a different rule proper, try the essential merits of the action, to determine whether the servant is or is not liable and properly joined. Nor can the allegation of fraud because of the resident defendant's financial irresponsibility outweight the averments of the complaint, including the prayer thereof, which demand judgment against both defendants, against both of whom a cause of action is well stated. Neither should a mere statement, unaided by specific facts, that plaintiff intends to pursue only one of two joint tort-feasors, whom he is suing, and that he does not seek a judgment against the servant sued with the master, compel an inference of fraud or bad faith, when it is indisputable that the legal right exists to sue both (Sessions v. Johnson, 95 U. S. 347, 24 L. Ed. 596), and the action is brought against both, and when plaintiff, controverting the averments of the petition, says he is proceeding in good faith against the two. In the absence of some further showing of fraud in fact, such a statement by petitioner, when denied in apparent good faith, must be regarded as but a conclusion, which directly conflicts with the theory of plaintiff's complaint.

As we have seen, the action might have been brought against one defendant; yet the controversy is not separable because two defendants are joined. None of the defendants who are joined can complain, unless fraud enters into the matter. It may be that it will turn out that one defendant is not liable, while the other is; but that goes to the very gist of the suit, and does not affect the jurisdiction, except in so far as the final issue may be that one defendant is not liable, or both may be; but, repeating what I have said, I hold that it is not for the federal court to try the question of negligence on a motion to remand. Plaintiff's present motive, in the event of a recovery, may be to sue out execution against only one defendant, who is able to respond in damages; but as he has the legal right to sue the two, and he is suing them, and apparently trying to bring them both into court, how can the federal court say that the mere opinion of the nonresident defendant that plaintiff is not going to proceed against its codefendant justifies the court in holding that the attempt to sue in the state court is with the fraudulent purpose of defeating federal jurisdiction, and so depriving a party entitled to seek the federal court in protection of its rights? Such an attack on the good faith of the action must fail, or the federal court must assume to deny the force of the rule that tests the controversy by examining the cause of action stated in the complaint.

It is worthy of mention that since the decision of the Supreme Court in the Alabama Southern Case, supra, this court has been called upon to consider a large number of motions to remand causes that have been removed from the courts of the state. The argument before me has been that the federal courts ought to exercise very great circumspection wherever it is charged that an attempt is being made to join a servant with the master for the purpose of defeating federal jurisdiction. To this I assent. Indeed, where an action is brought by a resident against a nonresident corporation and a subordinate servant who is a citizen of the state, and it is made to appear that the servant is not responsible financially, it is difficult to avoid a suspicion that the real and only object of joining the two in the suit is to evade the jurisdiction of the federal court. A failure to serve summons is also a circumstance which is very suspicious. But, on the other hand, the plaintiff in such cases has a right to go into the state courts to sue those whom he alleges injured him, and unless the nonresident defendant can bring itself within the provisions of the act of Congress, giving it a right of removal to the federal courts, it must defend in the state courts. So, if the nonresident would rely upon a fraudulent joinder as a basis for removal, it must present facts from which fraud is clearly inferable; and such facts must present an issue which, if sustained, justifies the federal court in holding that plaintiff is trying wrongfully to deprive the nonresident defendant of the protection of its rights, as conferred by the laws of Congress.

It is impossible to lay down any exact line that will mark a distinction between a wrongful and a justifiable purpose in seeking the one jurisdiction rather than the other. The showing in each case must guide the court. Where it is strong enough to impress the mind of the judge with the belief that the plaintiff is improperly suing, and that he ought not and cannot prevail in the state court as against the two defendants, and that the purpose of joinder is to defeat the jurisdiction of the federal court, the federal court should not hesitate to retain jurisdiction; but where plaintiff is following a legal right, and states a good cause of action against joint tort-feasors, and appears to be trying to bring both defendants before the state court, and where there is substantially nothing to impugn his good faith, except the alleged fact that the resident defendant is without means to respond in judgment in case it is had, and that on the merits the essential facts of the controversy are different from those alleged, then in my opinion, no real issue of fraud is proven, so that the federal court can find for petitioner. My understanding of the Alabama Southern Case, supra, is in accord with what I have just stated. Justice Day there said:

"The fact that by answer the defendant may show that the liability is several cannot change the character of the case made by the plaintiff in his pleading, so as to affect the right of removal. It is to be remembered that we are not now dealing with joinders, which are shown by the petition for removal, or otherwise, to be attempts to sue in the state courts with a view to defeat federal jurisdiction. In such cases entirely different questions arise, and the federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the federal courts of the protection of their rights in those tribunals."

The doctrine of that case is that the federal courts should act so as to defeat attempts wrongfully to deprive parties entitled to litigate in the federal courts to the protection of their rights. There is however always involved in this doctrine the element of a wrongful depriving, not any depriving, as not every depriving of the federal court is improper; and unless it is improper or wrongful, the conclusion is irresistible that the federal court must remand, for the legal right existing to have the action tried in the courts of the state, the federal courts must respect that right.

Thus far the case has been regarded without consideration of the defendant's application to amend, and its effect upon the question of jurisdiction. As appears in the statement of facts included in this opinion, the nonresident defendant asks this court for leave to amend the petition so as to set forth that the defendant Jackson, whom it stated in its petition was a citizen of Montana, is really a citizen of Minnesota, and was such when this action was commenced. If such amendment is allowable, we have the case of a plaintiff, citizen of Montana, suing two nonresident defendants, one a citizen of West Virginia, the other of Minnesota. As we shall presently see, whether under such a state of facts one defendant could properly remove the case, is not now necessary to be passed upon, and decision upon that precise point is not made now. Let me say in passing, that Judge Sanborn has positively decided that removal can not be had in such a case (Thompson v. Chicago, St. P. & K. C. R. Co. [C. C.] 60 Fed. 773); so did Judge Brewer while he was a circuit judge (W. U. Tel. Co. v. Brown [C. C.] 32 Fed. 337); and such is the law as stated by Moon on Removal of Causes, § 150. But let me assume for the sake of the argument, without a concession of the accuracy of the proposition, that the controversy not being separable, failure of one of the defendants to join in the petition of removal is not fatal to the right of removal, and still we are confronted with this question, which it is necessary to decide, namely: Has the federal court authority to permit the defendant company to amend its petition by showing that its codefendant was not a citizen of Montana, but was a citizen of Minnesota? Inasmuch as the original petition for removal alleged that defendant Jackson was and is a citizen of Montana, the contemplated change of averment is a material conflict with what was laid before the state court. The two statements cannot be true—one or the other must fall.

If the fact is that Jackson was a resident of Montana, as petitioning defendant alleged in his petition to the state court, the jurisdiction of that court was complete and the allegations of fraud being inadequate, no cause for removal is shown; while, if Jackson was a citizen of Minnesota, we will assume removal could have been had without regard to questions of fraud. Thus we see that the proposed amendment is not one making more certain or specific a statement made in the petition filed in the state court, but defectively made, or to state more fully and distinctly facts stated, upon which ground of removal rests, but is a request to permit an amendment which is of substance. Indeed it is asking the federal court to allow an amendment which may bring the case within the jurisdiction of the federal court upon

the existence of a ground not presented in any way to the state court on motion for removal, and but for which the cause was not removable. To permit the amendment would be to retain jurisdiction of a cause removed without a showing having been made in the state court of jurisdictional facts upon which the right of removal existed. This would be directly against the great weight of authority, and the strength of the reasoning underlying the statute which gives the right of removal in certain cases.

Mindful of the fundamental principle that causes can be removed from the state courts to the Circuit Courts of the United States only in such cases as the statutes of the United States prescribe, and that it is for the petitioner in the state court to show to that court in the first instance that the case is one which he is entitled to have removed, it is at once apparent that a showing of cause for removal must be made to the court which first has the case, and which need not surrender its control until facts which compel it to do so are made to appear upon the record of its proceedings. In the absence of such a showing in the state court, the question is a fundamentally jurisdictional one, and no appeal to the discretion of the federal court can have consideration, for discretion cannot confer jurisdiction to retain the case, if it does not exist. The courts of the state have cognizance of suits brought by citizens of the state against citizens of other states. In the extension of the power of the federal courts to suits instituted by citizens of the state against citizens of other states, there was no divestiture of the jurisdiction of the courts of the state to hear and determine cases brought in the state courts. The right of removal by a defendant may be invoked, but of itself that right in no way lessens the authority of the state court; that is to say, unless motion is had in the state court, the existence of the right of removal in no way restricts the power of the state courts to proceed with the case, and to bring the parties before it. Plaquemines Fruit Company v. Henderson, 170 U. S. 511, 18 Sup. Ct. 685, 42 L. Ed. 1126.

As was held in Manley v. Olney (C. C.) 32 Fed. 708, the right of removal is not strictly a constitutional one, but is a privilege to have the case tried in some other than the state tribunals. "The right of removal is statutory," said Chief Justice Waite, in Insurance Company v. Pechner, 95 U. S. 183, 24 L. Ed. 427. "Before a party can avail himself of it, he must show upon the record that his is a case which comes within the provisions of the statute."

In harmony with these general views, the federal courts have recognized that the statutes of removal should be construed not in a way to authorize the exercise of jurisdiction where the question is doubtful, but rather to refuse to keep a case where the jurisdiction is seriously disputable. "It is the safer and wiser course to send a cause for trial to a court of unquestionable jurisdiction, rather than retain it here, and go through all the forms of trial when the jurisdiction is doubtful." Fitzgerald v. Missouri Pac. Railway Co. (C. C.) 45 Fed. 812. From many decisions bearing upon the question of jurisdiction where amendment is sought after removal, I have collected a few which are pertinent to the present case. In Fitzgerald v. Missouri Pacific Rail-

way Company, supra, Judge Caldwell held that no amendment could be made in the circuit court setting up grounds for removal, which were not presented to the state court on the motion to remand.

In Grand Trunk Railway Company v. Twitchell, 59 Fed. 727, 8 C. C. A. 237, the Circuit Court of Appeals for the First Circuit laid down this proposition:

"That there can be jurisdiction in the circuit court only when, at the time of the application for removal, the record shows on its face that the action is removable, and consequently that the parties cannot now be permitted to amend this record so as to show the requisite diversity of citizenship."

The court approved the decision in Crehore v. Railway Company, 131 U. S. 240, 9 Sup. Ct. 797, 33 L. Ed. 218, by saying that that case never has been doubted so far as the court was advised.

Murphy v. Payette Alluvial Gold Company (C. C.) 98 Fed. 321, was a case that arose in the Ninth circuit. The plaintiff brought the action upon several causes—one of which arose in his own favor, and four of which were assigned to him by others. The amount involved in the first cause was not sufficient to confer jurisdiction, but the sum of all the demands exceeded $2,000. A petition for removal was filed, alleging that plaintiff was a citizen of Oregon, and that defendant was a British corporation. The plaintiff had set forth the facts concerning the four assigned causes of action, and the names of the respective assignors, but the complaint and petition failed to aver what the citizenship of the assignors was. On motion to remand, application was made by defendant for leave to file an amended petition showing that the citizenship of the assignors of the assigned claims was such that the case was one for removal. Judge Gilbert cited Parker v. Ormsby, 141 U. S. 81, 11 Sup. Ct. 912, 35 L. Ed. 654, to show that it must affirmatively appear that the citizenship of the assignors of the assigned claims was diverse from that of the defendant, or that they were not aliens. Passing, then, to the question of the right of assignment, he reviewed the decisions of the Supreme Court, including the case of Powers v. Railway Company, 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673. He said:

"But it is contended that inasmuch as, in fact, the citizenship of the assignors was such that the case was properly removable, their citizenship can now be shown by an amended petition filed in this court. This contention leads to the inquiry, what is the power of this court to permit amendments to the petition for removal after the cause has been docketed herein? In Crehore v. Railway Co., 131 U. S. 240, 9 Sup. Ct. 692, 33 L. Ed. 144, the right of the Circuit Court to amend the petition was denied in a cause which had been removed on the ground of diverse citizenship, on a petition which alleged the citizenship of the parties at the time when it was filed only, and not at the time of the commencement of the action. The court said: 'For the only mode provided in the act of Congress by which the jurisdiction of the state court of a controversy between citizens of different states can be devested is by presenting a petition and bond in that court showing, in connection with the record, a case that is removable. The present motion, in effect, is that such amendment of the record may be made in the Circuit Court as will show that this case might have been removed from the state court—not that, in law, it has ever been so removed.'

"In Jackson v. Allen, 132 U. S. 27, 10 Sup. Ct. 9, 33 L. Ed. 249, the court affirmed the rule of Crehore v. Railway Co.; and in Graves v. Corbin, 132 U. S. 572, 590, 10 Sup. Ct. 202, 33 L. Ed. 469, it referred to that case as one in

which it had been held 'that where a suit is entered upon the docket of a Circuit Court as removed on the ground of the diverse citizenship of the parties, and was never in law removed, no amendment of the record made in the circuit court can affect the jurisdiction of the state court, or put the case rightfully on the docket of the Circuit Court as of the date when it was so docketed.'

"In Martin's Adm'r v. Railroad Co., 151 U. S. 673, 691, 14 Sup. Ct. 540, 38 L. Ed. 318, the court defined the limit of the power of the Circuit Court to permit amendments to the petition, and said: 'Such amendments may be allowed when, and only when, the petition, as presented to the state court, shows upon its face sufficient ground for removal.'

"In Powers v. Railway, 169 U. S. 92, 101, 18 Sup. Ct. 267, 42 L. Ed. 676, may be found the latest expression of the views of the court upon that subject. The court there said: 'A petition for removal, when presented to the state court, becomes part of the record of that court, and must doubtless show, taken in connection with the other matters on that record, the jurisdictional facts upon which the right of removal depends, because, if those facts are not made to appear upon the record of that court, is it not bound or authorized to surrender its jurisdiction; and if it does, the Circuit Court of the United States cannot allow an amendment of the petition, but must remand the case.' The court then proceeded to say: 'But if, upon the face of the petition, and of the whole record of the state court, sufficient grounds for removal are shown, the petition may be amended in the Circuit Court of the United States, by leave of that court; by stating more fully and distinctly the facts which support those grounds.' "

In Fife et al. v. Whittell (C. C.) 102 Fed. 537, Judge Morrow denied an application made by the defendant for leave to amend a record so as to show that the defendant was a nonresident of California, saying:

"The court has no jurisdiction to allow such an amendment. Where a petition for removal in connection with the record in the cause fails to disclose grounds for removal, the docketing of the cause in the Circuit Court of the United States does not deprive the state court of jurisdiction, and the federal court has no power to grant leave to amend the petition by stating facts that show that the cause was in fact removable."

Dalton v. Milwaukee Mechanics' Insurance Company (C. C.) 118 Fed. 876, was considered on a motion to remand to the state court, and on application by the defendant for leave to file an amendment to the petition for removal. The suit there was brought by a citizen of Iowa against a citizen of Wisconsin. The defendant filed a petition for removal in the state court, alleging that the cause was a controversy which was wholly between citizens of different states; the petitioner being a citizen of Wisconsin, and plaintiff a citizen of Iowa. The transcript of removal was filed in the Circuit Court of the United States, whereupon plaintiff moved for an order remanding the case, on the ground that the circuit court had no jurisdiction, for the reason that the jurisdictional facts authorizing a removal did not appear upon the record. Thereupon defendant asked leave to amend the petition for removal, by averring that the amount in controversy exceeded the value of $2,000, exclusive of interest and costs, and that the defendant was a corporation organized and existing under the laws of Wisconsin. Judge Shiras held that the averment that the corporation was a citizen of Wisconsin was not the equivalent of the averment that it was created and existed under the laws of Wisconsin, and that jurisdiction was not shown upon the face of the record.

The defendant, however, strongly urged that if the jurisdictional facts were imperfectly stated on the face of the record, leave should be granted by the Circuit Court to file an amendment curing the imperfections. But the court held the real question was whether an amendment could be allowed in the Circuit Court, when the averments were insufficient to show that the case was a removable one under the statutory provisions. The court said that the only purpose of the amendment was to show that the Circuit Court had rightfully obtained jurisdiction, and that where the purpose of an amendment was to cause the face of the record to show what it did not show, a requisite diversity of citizenship between the adversary parties, the leave to file such proposed amendment would have to be obtained from the state court, and not the Circuit Court of the United States. The learned judge said it was well settled by the decisions of the Supreme Court that the state court did not part with its jurisdiction, nor did the jurisdiction of the federal court attach in a case where removal was sought upon the ground of diversity of citizenship, until the record in the state court was such as to show that court that it had lost its jurisdiction, and could no longer proceed with the case. The case of Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. 799, 29 L. Ed. 962, was cited. "It certainly cannot be the fact," said the court in that case, "that in cases wherein a removal is sought on the ground of diverse citizenship, the jurisdiction of the state court can be terminated by petitions for removal, or by amendments thereto filed in the federal court. In such cases, the jurisdiction of the state court can only be ended by making a proper showing af the facts justifying the removal on the face of the record in that court."

The discussion by Judge Shiras is quite elaborate and learned. The court was asked to adopt a different rule from that just stated, upon the strength of Powers v. Railway Company, supra, Martin v. Railroad Company, 151 U. S. 690, 14 Sup. Ct. 533, 38 L. Ed. 311, and other decisions of the Supreme Court, but Judge Shiras demonstrates that none of the cases cited sustain the contention that an amendment may be made in the Circuit Court of the United States to uphold its jurisdiction in a removal case, where the record, as it exists in the state court, fails to show the facts necessary to terminate the jurisdiction of that court.

In Cameron v. Hodges, 127 U. S. 322, 8 Sup. Ct. 1154, 32 L. Ed. 132, the Supreme Court said that there was no precedent known to it, which authorized an amendment to be made even in the Circuit Court, by which grounds of jurisdiction may be made to appear, which were not presented to the state court on the motion for removal.

In Crehore v. Ohio & Mississippi Railway Company, 131 U. S. 240, 9 Sup. Ct. 692, 33 L. Ed. 144, it was decided that where a case involves a controversy between citizens of different states, it is not removable, unless, at the time the application for removal is made, the record upon its face shows it to be one that is removable. "We say upon its face, because the state court is only at liberty to inquire whether on the face of the record a case has been made, which requires it to proceed

no further, and all issues of fact made upon the petition for removal must be tried in the Circuit Court." Furthermore, it was decided that in such a case no amendment of the record made in the Circuit Court could affect the jurisdiction of the state court, or put the case rightfully on the docket of the Circuit Court as of the date when it was there docketed. It must be taken as true that the record to be considered by the state court includes the petition for removal. This was distinctly stated by Justice Gray, in Powers v. Chesapeake & Ohio Railroad, 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673. He said:

"A petition for removal, when presented to the state court, becomes part of the record of that court, and must doubtless show, taken in connection with the other matters on that record, the jurisdictional facts upon which the right of removal depends; because, if those facts are not made to appear upon the record of that court, it is not bound or authorized to surrender its jurisdiction, and if it does, the Circuit Court of the United States cannot allow an amendment of the petition, but must remand the case. But if, upon the face of the petition, and of the whole record of the state court, sufficient grounds for removal are shown, the petition may be amended in the Circuit Court of the United States by leave of that court, by stating more fully and distinctly the facts which support those grounds."

Moon, on the Removal of Causes, § 165, states that amendments of form, but not of substance, may be made to a petition for removal in the federal court. From this exposition of the law, the duty of the federal court is not a discretionary one, where an amendment is sought which presents a material ground for retention of jurisdiction, that was not presented or even fairly suggested, as within the scope of the grounds included in the petition presented to the state court.

Kinney v. Columbia Savings & Loan Association, 191 U. S. 78, 24 Sup. Ct. 30, 48 L. Ed. 103, is not in conflict with the earlier cases of the Supreme Court cited. The petition there alleged that the controversy was between citizens of different states, and that petitioner defendant was at the time of the commencement of the suit, and still was a resident and citizen of Colorado. The cross-complaint filed in the federal court alleged that defendant was a citizen of Colorado, and that complainants were citizens of Utah. Leave to amend was sought by adding to the petition to remove allegations that plaintiffs were citizens of Utah. The Circuit Court denied the motion to remand and granted leave to amend. Justice Brewer said, "the right to remove existed, but the petition for removal was defective," the question being, was it so defective as to be incurable. The power of the Circuit Court was recognized to permit amendments of pleadings to show diverse citizenship, or of removal proceedings, where there is a technical defect, and there are averments sufficient to show jurisdiction; but the court stated that there was a general averment in the petition that it was a case of diverse citizenship, and therefore one in which, by the statute, the party was entitled to removal. To like effect is Flynn v. Fidelity, etc., Co. (C. C.) 145 Fed. 265. These cases are at once distinguishable as the very point wherein the record in this case fails is that it not only contained no intimation of Jackson being a citizen of any state other than Montana, but did contain a positive statement that he was a citizen of that state.

In reaching the conclusion that the case must be remanded, I do not mean to go beyond a decision holding that there is no authority for the exercise of discretion. If this court had such authority, I would feel that it should be used in favor of granting leave to amend, because if the defendant is, in fact, a citizen of Minnesota, and was such when the suit was brought by plaintiff, and if, for that reason, defendant is entitled to have its rights ascertained in the federal courts, the case ought to be tried here. But, as there is nothing by which defendant company ever obtained a hold in this court, which it can mend, the only proper order is to send the case back to the state court, where, if it can legally do so, defendant may make a sufficient showing to entitle it to transfer the suit, and make substantial its hold in this court.

The motion to remand is granted.