UNION RAILWAY COMPANY *v.* CARTER.

(*Jackson.*   April Term, 1914.)

**1. DEATH. Actions for death. Damages.**

Under Shannon's Code, secs. 4025-4028, authorizing an action for death by wrongful act, and the recovery of the damages suffered by the beneficiaries for the loss of decedent and such damages as decedent could have recovered had he survived, a widow, suing for the death of her husband by wrongful act, may recover, not only the damages she has sustained as the result of her husband's death, but such damages as he might have recovered had he survived. *Post, p.* 461.)

Code cited and construed:   Secs. 4025-4028 (S.).

Cases cited and approved:   Davidson Benedict Co. v. Severson, 109 Tenn., 572; Collins v. Railroad, 56 Tenn., 851; Railroad v. Shewalter, 128 Tenn., 363.

**2. DEATH. Actions for death. Punitive damages.**

In an action under Shannon's Code, secs. 4025-4028, for death by wrongful act, exemplary damages are recoverable.   (*Post, p.* 462.)

**3. DEATH. Actions for death. Damages. Excessive damages.**

Where the declaration, in an action for death by wrongful act, demanded exemplary damages, and the court found that decedent was shot by an employee of defendant, acting as a special officer, while attempting to arrest decedent for the misdemeanor of stealing a ride on a train of defendant, a judgment for $2,000 would not be disturbed as excessive, for punitive damages were recoverable.   (*Post, p.* 462.)

Cases cited and approved:   Haley v. M. & O. Railroad, 66 Tenn., 239; Railroad v. Daughtry, 88 Tenn., 721.

FROM SHELBY.

Appeal from Circuit Court, Shelby County.—J. P. Young, Judge.

J. W. Canada, for Union Railway Co.

Bell, Terry & Bell, for Carter.

Mr. Justice Green delivered the opinion of the Court.

This suit was brought by Josie Carter to recover damages for the killing of her husband by an employee of the Union Railway Company. The case was tried without a jury, and the circuit judge rendered judgment in favor of the plaintiff below for $2,000. This judgment was affirmed by the court of civil appeals, and a petition for *certiorari* has been filed by the railway company to bring the case to this court.

The plaintiff in error, the Union Railway Company, is a common carrier, operating its lines in and near the city of Memphis. John Carter, the husband of plaintiff below, while stealing a ride on a train operated by the plaintiff in error, was put under arrest by one Earl Barnard, an employee of the railway company, who was also commissioned by the city of Memphis as a special police officer.

The circuit judge found that Carter was shot in the back of the head by this special officer while the former

was running away trying to escape arrest. Carter was riding on top of a freight train with some other negroes, and for this misdemeanor Barnard attempted the arrest. Although there was a conflict in the evidence, and the special officer claimed that he shot Carter in self-defense, the proof introduced by the plaintiff below abundantly sustained the finding of the trial judge.

The principal question made in the petition for *certiorari* is that no evidence was introduced to support a judgment for as much as $2,000 damages.

The wife of deceased testified that her husband worked for certain coal dealers at Memphis and made $9 a week. His age, however, was not shown, nor was any proof offered as to the condition of his health, his expectancy, or his habits with reference to the support of his family.

A number of witnesses testified in behalf of the railway company that deceased was a worthless negro, of bad habits and dangerous character, and it is insisted that his wife has sustained no damages by reason of his death, and has not attempted to show any.

Under Shannon's Code, secs. 4025-4028, the damages recoverable by those authorized to bring suit on account of a wrongful killing are of two kinds: First, the damages suffered by the beneficiaries by reason of the loss of deceased; and, second, such damages as deceased himself would have been entitled to recover had he survived. *Davidson Benedict Co.* v. *Severson,* 109 Tenn., 572, 72 S. W., 967, and cases reviewed.

So the widow's claim for damages in this case under our statute is not limited to damages that she may have sustained as the result of her husband's death, but she may also recover damages for the injury done to deceased himself. She may recover substantial damages in a suit like this without any special showing of pecuniary loss to herself. Had deceased survived, totally disabled, and brought suit, a verdict of $2,000 would scarcely have been deemed excessive, no matter what his age and expectancy were.

His beneficiaries under the statute are entitled to include in their recovery all damages he could have obtained under the circumstances just indicated. *Collins* v. *Railroad*, 9 Heisk., 851; *Davidson Benedict Co.* v. *Severson*, 109 Tenn., 572, 72 S. W., 967. In other words, our statute was not only enacted for the protection of designated beneficiaries, but is a survival statute as well. *Railroad* v. *Shewalter* (Knoxville, 1913), 128 Tenn., (1 Thompson), 363, 161 S. W., 1136.

Moreover, as we have stated, this case was tried without a jury, and the declaration laid ground for exemplary damages. Such damages are recoverable in suits founded on our statute. *Haley* v. *M. & O. Railroad*, 7 Baxt., 239; *Railroad* v. *Daughtry*, 88 Tenn., 721, 13 S. W., 698. On the findings of the trial judge, this is a proper case for punitive damages. If the judgment is in excess of compensatory damages, it should nevertheless be sustained, and the difference charged as smart money.

Railroad v. Carter.

It has become customary throughout the state for large enterprises of every character to have certain employees appointed special officers and clothed with police authority. While this practice may be desirable for the protection of the property of such concerns, it has led to many abuses. These men so clothed with official power lack the experience and discretion of regular State and municipal officers, and their conduct has very generally been oppressive and flagrant.

In view of the well-known tendencies of these special officers, parties so employing them will be held to a strict degree of accountability for the acts of such dangerous agents.

Other matters presented by the petition have been orally discussed, and the writ of *certiorari* will be denied.