**Jamesena WHITE, et al.**

v.

**REVCO DISCOUNT DRUG CENTERS, INC.**

Supreme Court of Tennessee,
at Knoxville.

Nov. 22, 2000.

**ORDER DENYING DEFENDANT'S PETITION TO REHEAR**

PER CURIAM.

The Defendant, Revco Discount Drug Centers, Inc., has filed a petition to rehear the opinion of this Court filed on November 22, 2000. In its petition, the defendant has alleged two grounds: (1) that this Court did not state the effect of Tennessee Code Annotated section 38–3–108 on its statement that "a blanket rule declaring that police officers are under a never-ending duty to keep the peace is contrary to existing Tennessee law"; and (2) that the Court improperly relied upon older authority to justify application of agency law to the facts of this case.

Tennessee Code Annotated section 38–3–108 states that

> It is the duty of all peace officers who know or have reason to suspect any person of being armed with the intention of committing a riot or affray, or of assaulting, wounding, or killing another person, or of otherwise breaking the peace, to arrest such person forthwith, and take such person before the court of general sessions.

According to the Defendant, this statute imposes upon police officers a duty to enforce the law irrespective of whether the officer is on duty or off duty. We disagree that this statute imposes such a duty, but rather we read this statute only as delineating the general authority and responsibility of police officers. *Cf. Ezell v. Cockrell,* 902 S.W.2d 394, 403 (Tenn. 1995) (reading Tennessee Code Annotated section 6–54–401, which contains similar language, as only delineating the general authority and responsibility of police officers). Certainly, an officer is not prohibited from assuming a duty to arrest, but no case has previously interpreted section 38–3–108 as imposing a never-ending duty to enforce the law. Because we decline to do so in this case, we find this issue to be without merit.

The Defendant also alleges that our reliance on *Terry v. Burford,* 131 Tenn. 451, 175 S.W. 538 (1915), and *Union Ry. Co. v.. Carter,* 129 Tenn. 459, 166 S.W. 592 (1914), is misplaced as the cases are more relevant to an age "in which private policemen,

and their abuses of power, were common." To the contrary, *Terry* remains relevant today for its holding that private employers may be held liable for the actions of their employees, including special police officers, according to traditional agency principles. We disagree that any "unusual circumstances" render that case inapposite to the circumstances of the present case, which certainly appear to be most "unusual" in and of themselves. Moreover, *Carter* is cited only as a further example of holding private employers liable for the torts committed by their special officers, a finding that was implicitly affirmed by this Court in affirming the judgment and verdict. Finally, we disagree that any subsequent regulation of special officers by the General Assembly undermines our ability to rely upon these cases as persuasive authority. This ground for rehearing is without merit.

THEREFORE, upon further due consideration, it is ORDERED that the Defendant's petition to rehear be, and is hereby, DENIED.