FOX v. SOUTHERN RY. CO. et al.

(Circuit Court, W. D. North Carolina. May 20, 1897.)

1. REMOVAL OF CAUSES—TIME OF APPLICATION.
  The requirement in Judiciary Act 1887–88, that the petition and bond for removal shall be filed at or before the time the defendant is required by the state law or rules of court to plead, is an imperative limitation, which cannot be extended by stipulation of the parties, or by the discretionary action of the judge in each particular case.

2. SAME—REMOVAL PAPERS—PRESENTATION TO STATE COURT.
  The cause must be remanded where it appears that the petition and bond were filed in the clerk's office of the state court in vacation, and there is nothing to show that they were ever presented to the court in session. No implied presentation at the ensuing term can be inferred where, by previous stipulation, the cause has been continued beyond that term, and is therefore not open to judicial notice or action.

This was an action by W. A. Fox, administrator, against the Southern Railway Company and others. The case was heard on a motion to remand to the state court.

B. F. Long and L. S. Overmon, for plaintiff.
Charles Price and G. F. Bason, for defendants.

DICK, District Judge. The transcript of record filed by the defendant at this term shows the following facts and proceedings:

This civil action was commenced in the state court by a writ of summons duly issued on the 8th day of October, 1896, returnable to the November term, 1896, of Iredell superior court. This writ was duly served on the Southern Railway Company on the 22d of October, 1896. At the said November term no pleadings were actually filed and entered of record, but the following stipulation of counsel was filed on the 10th of December, 1896, and was agreed to be entered of record:

"In this case it is agreed between the attorneys for the plaintiff and the defendants that the plaintiff have to the 26th of December, 1896, to file complaint, and the defendants till February term to file answer as of the November term of this court."

The complaint was filed December 21, 1896, and the answer was filed January 28, 1897, and both pleadings were entered as of the preceding November term. On the 20th of January, 1897, the following stipulation of counsel was filed in the office of the clerk of the state court:

"In this case it is agreed by the counsel of the plaintiff and for the defendants that this cause be continued to the May term of Iredell superior court."

On the 28th of January, 1897, a petition and bond, with sufficient surety, were filed by the Southern Railway Company in the office of the clerk of the state superior court of Iredell county, alleging facts and asserting principles of law in conformity with the provisions of the act of congress of August 13, 1888. It does not appear of record that this petition and bond were ever presented to said state court while in session, or were accepted or refused by a judge of said court. On the 29th of January, 1897, the plaintiff caused a

writ of summons to be issued against the Western North Carolina Railroad Company, returnable to May term, 1897, of the superior court of Iredell county, which was duly served on the 5th day of February, 1897.

The third section of the act of congress of March 3, 1887, corrected by the act of August 13, 1888, provides that a nonresident party defendant desiring to remove a cause from a state court to a federal court for trial must file his petition and bond "at the time, or any time before the defendant is required by the laws of the state, or the rule of the state court in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff." The legislation of congress in regard to the removal of causes from state to federal courts has at different times varied in statutory provisions. The framers of the constitution of the United States apprehended that local influences, sectional prejudices, and state pride and jealousy would render state courts partial, unsatisfactory, and unsafe tribunals for the trial and determination of suits and controversies between citizens of different states; presuming that a citizen of a state in which a suit was brought would have in his home court an unfair and unjust advantage over a nonresident defendant. In order to guard against this apprehended mischief, the constitution extended the judicial power of the United States to controversies between citizens of different states, to be exercised and applied in common and impartial national tribunals, equally related to both parties, competent and ready to do prompt, equal, and exact justice between them, as citizens of the United States, and under legal obligation to administer the laws of the states in all respects, when applicable. Similar considerations induced the enactment of the twelfth section of the judiciary act of 1789. That section conferred upon a nonresident defendant sued in a state court the personal privilege of removing such suit for trial to the next term of the federal court held in said state, if a petition and bond for such purpose were filed in the state court at the time of entering his appearance. He was required to act promptly, and as soon as possible. If he filed a demurrer, plea, or answer, or otherwise recognized or submitted to the jurisdiction of the state court, he would have waived the benefit of his personal privilege of removal. The disturbed and inharmonious condition of public affairs brought about by the antagonisms and conflicts engendered and aroused by the late Civil War induced congress to extend the time for making application for the removal of causes from state courts to federal courts on the grounds of diverse citizenship of the parties. Numerous decisions of state and federal courts were made, construing such removal statutes, in which there were diversity and conflict, resulting in dissatisfaction and discontent among the people and the courts of some of the states, as they regarded the extension and exercise of national judicial power as unjust aggressions upon the constitutional and inherent rights of the states. The third section of acts of March 3, 1887, and August 13, 1888, was manifestly intended to remedy the evils arising from diversities of procedure and decisions in the courts, and to contract the jurisdiction of the courts of the United States,

and restrict it more nearly within the limits of the earliest statute. Martin's Adm'r v. Railroad Co., 151 U. S. 673, 14 Sup. Ct. 533. This statute was intended as a substitute for previous legislation on the subject, and expressly repealed all laws and parts of laws in conflict with its provisions. The rule of limitation as to the time of application for the removal of a cause from a state court to a federal court on the grounds of diverse citizenship of the parties is positive, and was intended to be imperative, so as to make certain, fixed, definite, and uniform the time of application for removal in accordance with the positive laws of the state, and the uniform and established rules of court, and not leave the matter to be regulated by the stipulations of parties, or the discretionary action of a trial judge, in each particular case. This act, being so clearly remedial in its nature, should be liberally construed, with a view to effectuate the beneficent public purposes for which it was intended, and thus advance the comity between state and federal courts; produce more harmony of judicial decisions, and greater regularity and certainty of procedure in the administration of justice. The Code of Civil Procedure of this state, in sections 206 and 207, requires a plaintiff to file his complaint in the clerk's office on or before the third day of the term to which the action is brought, and the defendant is required to appear and demur or answer at the same term to which the summons is returnable. Section 283, Code Civ. Proc., provides that:

"The time for filing the complaint, petition or of any pleading whatever may be enlarged by the court for good cause shown by affidavit, but it shall not be enlarged by more than ten additional days, nor more than once, unless the default shall have been occasioned by accident over which the party applying had no control, or by the fraud of the opposing party."

In the case now before this court the transcript shows that the defendant petitioner was duly served with process to appear at November term, 1896, of Iredell superior court. It was conceded on the argument that petitioner at that term was represented by properly authorized attorneys. From the entry made of record of the agreement of counsel, it may be inferred that no pleadings were actually filed at said term, but were subsequently filed as of said term. The defendants were sued as joint tort feasors. In such action their liability was joint and several, and each party had a right to offer a separate defense. The Southern Railway Company, on its appearance at November term, was required by state laws to demur or answer, and was entitled to a motion to dismiss the action for the want of complaint, although the other defendant had not been served with process. It also had the right at that term to file a petition and bond for removal of the action, and have their merits adjudged by the court. If the same had been presented, and been refused or disregarded, the case would have been removed to this court by operation of law, if the petition and bond were sufficient in law to authorize removal. The stipulation extending the time for filing pleadings, made by counsel of both parties for their mutual convenience, and by agreement entered of record, did not have the force and effect of dispensing with the requirements of positive law, and extending

the period in which an application for removal could be lawfully made. Such stipulation was not a rule of court made in conformity with the laws of the state, but was manifestly in disregard of such laws. If a judge had made an order extending the period for pleadings, founded upon affidavit for cause shown, in accordance with state laws, such order would have extended the operation of the removal statute for the period which the judge could grant as matter of right and law; but a mere discretionary order, made with consent of parties, would have no such effect. The object and purposes of this remedial statute would be defeated if its requirements could be changed or modified by the stipulations of parties, or the discretionary orders of trial judges in the courts of the several states. I am of opinion that the stipulation of the counsel of parties entered into on the 10th of December, 1896, was, on the part of the petitioner, a full acquiescence in the jurisdiction of the state court to try and dispose of the case in the course of regular procedure, and this acquiescence was further manifested and confirmed by the agreement of counsel made on the 20th January, 1897, continuing the cause for trial over the next February term to the subsequent May term of the state court.

There is another fatal objection to the application for removal, appearing on the face of the record. The petition and bond for removal were filed in the clerk's office in vacation, and seem to have never been presented to the court in session. No implied presentation to the court in session can be inferred from the fact that the petition was in the clerk's office of the court, which soon afterwards was in regular session; for by previous agreement of counsel the cause had been continued beyond the next regular term, and was not open for judicial notice, consideration, and action at that term. A sufficient petition and bond to have the legal force and effect of removal must be actually or impliedly presented to a state court in session, with power to hear and consider the application. The removal statute imposes a duty upon the state court to accept a sufficient petition and bond, and proceed no further in the cause against the petitioner. It is certainly courteous, reasonable, just, and lawful that such court should have opportunity of performing its duty by considering and acting upon the application before it surrenders its original and concurrent jurisdiction, or before it is deprived of jurisdiction by the operation of paramount laws of the United States. A wise and just public policy requires federal courts, in the exercise of their rightful jurisdiction, to accord to state courts the most liberal and cordial comity that is consistent with their legal duty in the enforcement of paramount national laws.

As I am of opinion that the facts and proceedings appearing in the transcript, and the principles of law above announced, are fully sufficient to warrant an order remanding this case, I have deemed it unnecessary to consider and determine other questions presented by counsel on the argument. Let an order be drawn remanding this case to the superior court of Iredell county, with costs to be taxed by the clerk of this court against the Southern Railway Company.