CREECH v. COTTON MILLS.

(Filed June 1, 1904).

1. NEGLIGENCE—*Contributory Negligence—Nonsuit—Personal Injuries—Sufficiency of Evidence.*

   In this action to recover for injuries from unboxed cog-wheels the trial judge properly refused to nonsuit the plaintiff.

2. NEGLIGENCE—*Contributory Negligence—Personal Injuries.*

   In an action by an operative in a mill for personal injuries the plaintiff cannot recover unless she exercises that care which an ordinarily prudent person would or should have exercised.

ACTION by M. L. Creech against the Wilmington Cotton Mills, heard by *Judge George H. Brown* and a jury, at October Term, 1903, of the Superior Court of NEW HANOVER County. From a judgment for the plaintiff the defendant appealed.

*J. D. Bellamy* and *Herbert McClammy,* for the plaintiff.
*Iredell Meares,* for the defendant.

DOUGLAS, J.   This is an action for personal injuries sustained by the plaintiff through the alleged negligence of the defendant in failing to box certain cog-wheels. The plaintiff was operating four looms, the filling for which was ordinarily provided by a boy whose duty it was to bring it to the looms. When the looms got out of filling and the boy failed to bring it around in time, the girl tending the loom sometimes went after it.   She was not required to do so by the rules, but it was frequently done and permitted to be done.   On the occasion of the accident the plaintiff went to get the necessary filling from a box which had been left in its usual place in a passage way in front of certain unboxed cog-wheels.   In bending over to reach down into the box, her clothing was

CREECH *v.* COTTON MILLS.

caught by the cog-wheels and wound up tightly, so that she was drawn down upon the wheels and injured. This, and more, the plaintiff's evidence tends to prove; and hence there was no error in the refusal to nonsuit. In fact, as the case is now presented to us, we find but one exception that can be sustained. The defendant asked the Court to charge "That if the jury find that when this plaintiff went to get the filling from the box she failed to exercise that care which an ordinarily prudent person would or should have exercised, and because of this want of care, was injured, then the plaintiff contributed by her own negligence to her own injury, and cannot recover in this action." This prayer was refused by the Court. In this we think there was error, and that the defendant's prayer, as stated above, should have been given. We are not disposed to modify in the slightest degree our decisions holding that it is the duty of the master to furnish safe machinery, for which it is not necessary to cite authorities. There was no defect in the looms tended by the plaintiff, nor was she injured by them. The cog-wheels were not in her charge, nor was she compelled to work with them or even to go near them unless she saw fit. If she preferred to go after the filling instead of letting her looms remain idle, she should have exercised the care of an ordinarily prudent person. A failure to do so would, under such circumstances, be contributory negligence. As there was some evidence tending to show that she did not exercise such care, the issue should have been left to the jury.

New Trial.