BRYAN W. IVES v. NEW BERN LUMBER COMPANY.

(Filed 8 April, 1908).

1. **Issues, Sufficiency of.**
    Issues are sufficient which enable the parties to present every material phase of the controversy.

2. **Same—Matters Evidential.**
    Issues tendered upon matters merely evidential and not issuable should be refused.

3. **Evidence—Opinion—Result of Knowledge and Observation.**
    In an action for recovery for services rendered in cutting logs under a part performance of a contract, under the contention that defendant wrongfully refused to permit plaintiff to cut more and to furnish sufficient rafting gear required, which he had

agreed to furnish as a part consideration of the contract, it was competent for witness ·to testify that the rafting gear actually furnished was not "sufficient," not as a matter of opinion, but the result of knowledge and observation.

4. **Contracts—Assignment Unaccepted—Amount Unascertained— Revocation—Defense—Consent of Assignee.**

An order or request by one on his debtor to pay over to another an unascertained amount, which was not accepted, is revocable and not binding except as to the amounts actually paid thereunder; and it cannot be set up as a defense in a suit for an unpaid balance due, especially when the· legal representatives of the assignee come into court and ask that judgment below in favor of the assignor be affirmed.

ACTION tried before *Lyon, J.,* and a jury, at November Term, 1907, of CRAVEN.

Defendant appealed.   The facts are stated in the opinion.

*D. L. Ward* and *Simmons, Ward & Allen* for plaintiff.
*W. D. McIver* for defendant.

CLARK, C. J.   The jury found that the defendant contracted with one Kimball to log certain timber lands which it owned; that Kimball assigned the contract to the plaintiff with the knowledge and consent of the defendant; that the plaintiff had cut a large quantity of logs, when the defendant wrongfully refused to let him cut more and did not pay him in full for what he had cut.   The complaint alleged, among other matters, that the defendant agreed to furnish rafting gear to plaintiff, but failed to do so, causing the plaintiff loss thereby.

The court properly refused the motion to nonsuit.   The issues submitted were such as enabled the parties to present every material phase of the controversy, and were therefore sufficient. *Vaughan v. Parker,* 112 N. C., 100.   The issue as to the counterclaim was sufficient for that phase of the case. Most of the twenty issues tendered by the defendant were as to merely evidential, not issuable, facts, and were properly refused.

The reply of the witness that the defendant did not furnish rafting gear "sufficient" to do the business was competent as evidence of a fact within his knowledge. This was not a mere matter of opinion, but the result of knowledge and observation. The witness was subject to cross-examination to test the credence to be given his knowledge and information. The other exceptions to evidence do not require discussion, and the same is true as to the exceptions to the charge. The order or request to pay over to Meadows the money due plaintiff was not an assignment, but a request to pay money, the amount of which was not fixed. Such order was not accepted and was revocable, and is only binding on plaintiff to the extent that money was paid in compliance with the request. Besides, the personal representative of Meadows comes into this Court and on her own request is made a party, and asks that the judgment below be affirmed.

The controversy is almost entirely one of fact, and the exceptions do not require a fuller discussion in an opinion, though we have, notwithstanding, carefully and fully considered each of them before coming to our decision.

No Error.