JOHN A. WILLIAMS v. BENJAMIN MAY AND A. P. ORENDORFF.

(Filed 7 March, 1917.

1. **Appeal and Error—Trials—Issues.**

The refusal of the court to submit issues tendered by a party to the action will not be held as reversible error when the issues submitted present every contention raised by the pleadings therein.

2. **Pleadings — Amendments — Allegations — Independent    Cause — Original Cause—Courts—Automobiles.**

In an action to recover damages alleged to have been caused by the negligent running of defendant's automobile, stated in the original complaint as that of the defendant's driver and daughter, an amendment allowed by the court, setting out that the driver, the co-defendant, was at the time employed to instruct and teach the defendant's minor daughter, and that he was negligent and reckless in permitting the automobile to run into the plaintiff's buggy, does not constitute a new cause of action, but is practically the same as that originally stated, and its allowance is not reversible error.

3. **Appeal and Error—Trials—Evidence—Nonsuit.**

On appeal from a disallowance of defendant's motion to non-suit upon the evidence, the evidence introduced for plaintiff must be taken as true, and that for the defendant not considered.

4. **Automobiles—Negligence—Evidence—Nonsuit.**

In an action to recover damages for the alleged negligent running of the defendant's automobile, evidence tending to show that defendant owned the automobile for family use, and has employed another as his agent to teach his minor daughter to run it, and that the injury resulted in the latter's negligence, is sufficient to take the case to the jury upon the issue of defendant's actionable negligence, and a motion to non-suit thereon was properly overruled. *Linville v. Nissen,* 162 N. C., 95, cited and distinguished.

CIVIL ACTION, tried at August Term, 1916, of CHATHAM, before *Stacy, J.,* upon these issues:

1. Was the plaintiff injured by the negligence of the defendant Benjamin May, as alleged in the complaint? Answer: "Yes."

2. Did the plaintiff, by his own negligence, contribute to his injury, as alleged in the answer? Answer: "No."

3. What damages, if any, is the plaintiff entitled to recover? Answer: "$500."

From the judgment rendered, defendant May appealed.

*H. A. London & Son, Fred W. Bynum for plaintiff.*
*Hoyle & Hoyle, Hayes & Gibbs for defendant.*

BROWN, J. The evidence tends to prove that an automobile owned by the defendant May was being operated by his daughter Mary May, assisted by one Orendorff, a party defendant upon whom no summons has been served. The machine ran into the plaintiff's vehicle, in consequence of which he was seriously injured. The defendant excepted to the issues submitted by the court and tendered other issues which the court refused to submit. The issues submitted are in the usual form in cases of this character and present every contention that is raised by the pleadings. They are similar to those approved by this Court in *Clark v. Wright*, 167 N. C., 646.

The defendant excepts because the court allowed the plaintiff to amend his complaint, contending that the amendment allowed constituted a new cause of action. The original cause of action is that the plaintiff was injured by the negligence of Orendorff and the minor daughter of the defendant May. The amendment alleges that at the time of the injury the defendant Orendorff was in the employ of the codefendant, Benjamin May, for the purpose of instructing and teaching his minor daughter to drive the automobile, and that the said agent or employee, Orendorff, was negligent and reckless in permitting the automobile to run against the buggy of the plaintiff.

We think that this is the same cause of action practically as is set out in the original complaint. The amendment seems to have been unnecessary, and is, therefore, harmless. Upon the facts in evidence, established to the satisfaction of the jury, the plaintiff was entitled to recover upon the cause of action set out in the original complaint.

The defendant moved to nonsuit at the close of the evidence and also asked the court to charge the jury that there is no evidence for the consideration of the jury that the defendant Orendorff was the agent of the defendant May. The motion to nonsuit was properly denied. The evidence introduced for the plaintiff must be taken as true upon this motion, and that offered by the defendant must not be considered. If in any view of the evidence offered for the plaintiff the jury may have reasonably inferred that the plaintiff was injured by the negligence of the defendant's agent, acting within the scope of his duty, then the motion was properly overruled.

There is evidence that the car belonged to the defendant May; that he had purchased it for the use of his family; that he permitted Orendorff to operate the car upon the public streets of Sanford for the purpose of teaching his daughter to run the car. At the time when the injury occurred his daughter was driving the car, after only a few days' experience, and Orendorff had his hand on the wheel. The plaintiff was in his buggy, to which a mule was hitched, resting under the shade of some trees on the right-hand side of Hawkins Avenue, in the center

of the town of Sanford. The car of the defendant turned suddenly into Hawkins Avenue from Carthage Street. The plaintiff beckoned to the car and hollered to them to go back, but the signal was not obeyed. The car continued coming directly towards the plaintiff and on the wrong side of the street until it struck the buggy wheel, turned the buggy over, and threw the plaintiff to the ground with great violence, in consequence of which he was painfully and permanently injured.

The evidence tends to prove that Orendorff, an employee of the Cadillac Company, was teaching the defendant's daughter to operate the machine by and with the consent of the defendant; that the defendant had purchased the machine for the use of his family. Taking all the facts offered by the plaintiff to be true, we think the jury may have reasonably inferred that the machine was being operated with the consent of the defendant and that his daughter was being taught to operate it for the convenience of the family, and that the practice in operating the car was being conducted upon the public streets of the town by his daughter with the assistance of Orendorff.

The case, we think, differs very materially from *Linville v. Nissen,* 162 N. C., 95. In that case it was in evidence that the son of the defendant took the machine of his father out of the garage not only without the latter's consent, but against his express orders, and used it for a pleasure ride, without his father's knowledge, and that the son was an experienced chauffeur. In this case, according to the evidence, Orendorff was using this machine to teach the defendant's daughter and was acting for the defendant and within the scope of his duties, and while in pursuance of them the plaintiff was injured by his negligence. The evidence justifies these inferences, and consequently we think his Honor very properly denied the defendant's motion. We think the charge of the court is free from error and clearly and properly presented the case to the jury.