H. M. HUX by His Next Friend v. THE REFLECTOR COMPANY.

(Filed 7 March, 1917.)

**1. Negligence—Evidence—Opinion—Facts—Expert Evidence.**

Where there is evidence tending to show that the plaintiff, defendant's employee, was injured while engaged in the course of his employment by reason of an old and defective printing press, and he testified that the press was not such as was in general use at the time; that it was out of date, not equipped, old and worn: *Held*, competent as a statement of fact, and this applies to an expert witness who testifies with knowledge of such facts.

**2. Appeal and Error—Evidence—Objections—Motions to Strike Out.**

Evidence admitted without objection or subsequent motion to strike it out will not be considered for error on appeal.

**3. Master and Servant—Evidence—Negligence—Approved Machinery—Trials —Nonsuit.**

Where the plaintiff, employed to operate and care for defendant's printing press, has been injured by his hand having been caught into its cog-wheels, while removing paper caught therein, and which it was his duty to do, and there is evidence tending to show that the press was antiquated and the cogs should have been shielded and the machine supplied with a safety lever, either of which would have avoided the injury: *Held*, sufficient upon the issue of defendant's actionable negligence, and motion to nonsuit was properly overruled.

**4. Negligence—Assumption of Risks—Master and Servant.**

The doctrine of assumption of risk applies only to machinery in good condition, and not where an employee is injured by the negligence of his employer in not so keeping it.

**5. Instructions—Contributory Negligence—Assumption of Risks—Appeal and Error.**

Where in an action for damages for a personal injury the defendant's liability depends upon the issues of negligence and contributory negligence, it is not error for the court to refuse to submit an issue as to assumption of risk; and were it otherwise, the error was cured, under the facts of this case, by his charging upon this doctrine under the issue as to contributory negligence.

Appeal by defendant from *Lyon, J.,* at September Term, 1916, of Pitt.

*Julius Brown and H. S. Ward for plaintiff.*
*Harry Skinner and L. G. Cooper for defendant.*

Clark, C. J. This is an action for personal injuries in the cutting off of the plaintiff's right hand. The plaintiff was operating a job

press for the defendant company. There was evidence that there were two presses working side by side, but that the plaintiff, a boy of 17, was in charge of both, and the one at which he was not immediately working became clogged, whereupon the plaintiff, under his duty of supervision, attempted to unclog it, but by reason of the cog wheels not being shielded, or boxed, his hand was caught between the two cog wheels, and there being no lever by pulling which the gearing could be thrown out, or the machine stopped, he lost his hand.

The first exception was to a question asked the plaintiff: "State, in your opinion, if the press at which you were hurt was such a press as was adopted and in general use at that time." There was no exception to the answer, or motion to strike out, but plaintiff answered: "No, sir. It was out of date and not equipped; it was old and worn and was a machine about forty years old. It was not equipped with lever, and there was no shield to cover the cogs; the machine was made in 1870 or something." This was competent as a statement of fact.

The second exception is to the question asked another witness: "If the jury should find from the evidence that in the machine at which Mr. Hux was working and in which he was injured the cog wheels were not shielded or boxed and had no lever for throwing the machine out of gear, or throwing the belt off of the shaft, in your opinion, was that such a machine as was adopted and in general use at that time?" There was no objection to the answer, or motion to strike out, and the witness answered: "No, sir; not in general use at that time so far as my observation goes. The cogs in this machine were not boxed or shielded when I left there; I was not there when it happened. I was there before, but I was not working on the press." These witnesses had qualified as experts and this evidence was competent. *Cotton Mills v. Assurance Corporation,* 161 N. C., 562; *Morrisett v. Cotton Mills,* 151 N. C., 31. Besides, this evidence was further competent on account of the special knowledge the witness had of this piece of machinery. *Morrisett v. Cotton Mills, supra; Wilkinson v. Dunbar,* 149 N. C., 20; *Britt v. R. R.,* 148 N. C., 41; *Ives v. Lumber Co.,* 147 N. C., 306.

The plaintiff testified that he was in charge of these two job presses and was 17 years of age at the time of the injury. He was running one of the presses and noticed that the other did not have a sufficient amount of ink. He inked it and as he turned to leave he heard a noise in the press—a jumping sound—and found some paper lodged in the cogs. He took out about 5 inches of paper and reached over to pull out more, and as he did the arm of the press caught him and shoved his arm into the press. He had no lever to stop it. The movement of the arm of the press which rolled the cogs shoved his hand

between them and held it fast. These cogs were not shielded or covered in any way, and the machine did not have a safety lever, or any lever, for throwing it out of gear or stopping it. If it had, he could have stopped it, and gotten the paper out without injuring his hand. He added that the only method of stopping the machine was to get something to throw the belt off the shaft at the ceiling or to go to the other end of the house to cut the motor off. He further testified that the press was out of date, as did three other witnesses.

Upon the above synopsis of the evidence the judge properly refused to nonsuit the case. The machine at which the plaintiff was injured was thirty-five or forty years old; the cogs were exposed and not boxed in any way; there was no safety lever or any other kind of lever to stop the machine. The machine was more dangerous than new machines, and it was not in general use. The plaintiff was doing his duty at the time he was injured; and the defendant's general manager and floor boss both knew the defective condition of the machine and had seen it at work. The case was properly submitted to the jury. *Ainsley v. Lumber Co.*, 165 N. C., 122; *Steeley v. Lumber Co.*, 165 N. C., 27; *Kiger v. Scales Co.*, 162 N. C., 133.

In *Creech v. Cotton Mills*, 135 N. C., 680, where the plaintiff was operating four looms, she went to get the necessary filling in a box in a passageway in front of certain unboxed cog-wheels, and in bending down her clothing was caught in the cog-wheels and she was injured. This court sustained the refusal to nonsuit.

In *Sibbert v. Cotton Mills*, 145 N. C., 308, the plaintiff was injured by unboxed cog-wheels and the safety lever was out of fix, and the court in setting aside the nonsuit held that it was the duty of the defendant to use reasonable care by proper construction and frequent inspection to keep the safety levers (which it had) in good condition, and it was liable if the plaintiff was injured by its failure to do so.

In the *Creech case, supra,* there were unboxed cogs, and in the *Sibbert case, supra,* the safety lever was out of fix, and the court held that both these cases should have gone to the jury. In the present case there were both these defects. The plaintiff was injured by being caught in the cog-wheels which were not boxed, and the machine had no safety lever to thrown the machine out of gear.

It was not error for the court to refuse to submit an issue as to assumption of risk, for the issue of contributory negligence was submitted—which was really the defense, for the plaintiff relied upon the defective machinery, and the court charged the jury: "If you find by the greater weight of the evidence that a reasonably prudent man would not have attempted to take the paper from the cog-wheels while the machine was in motion, and you will find that the plaintiff did

that, he would be guilty of contributory negligence and should not recover, and you will answer that issue 'Yes'; or if you find that the situation there was apparently dangerous and that a man of ordinary prudence would not have put his hand there to take out or put in paper if the plaintiff did so, then you should find that the plaintiff was guilty of contributory negligence and should not recover." This charge gave the defendant all which he is entitled to, whether it is called contributory negligence or assumption of risk. *Harrell v. Lumber Co.,* 154 N. C., 260. Assumption of risk is the assumption by the employee of the risks of the vocation or employment properly managed and with machinery in good condition. But even if the defendant was entitled to have his plea of assumption of risk submitted to the jury, this was sufficiently done in the charge above quoted. *Goins v. Training School,* 169 N. C., 733; *Zollicoffer v. Zollicoffer,* 168 N. C., 326; *Hinton v. Hall,* 166 N. C., 477; *Irvin v. R. R.,* 164 N. C., 5; *Horton v. R. R.,* 162 N. C., 428; *Garrison v. Machine Co.,* 159 N. C., 285; *Roberts v. Baldwin,* 155 N. C., 276. There is no exception to the charge of the court.

It is passing strange that in view of the repeated decisions of this Court and the spirit of the age which demands care and humanity on the part of employers in protecting employees from avoidable injuries, that cog-wheels should still be unboxed or necessary safety levers omitted to the infliction of mutilation upon those who are earning their daily bread by the sweat of their brows. We find

No error.