## L. P. PATTERSON v. CHAMPION LUMBER COMPANY.

(Filed 22 December, 1917.)

1. **Removal of Causes—Extension of Time to Plead—Exceptions—Motions—Waiver.**

   Where a nonresident defendant does not move to remove the cause to the Federal Court for diversity of citizenship within the statutory time to plead, and the court allows each party time therefor, to which neither has excepted or moved to dismiss for failure to file the complaint, his not having done so will be taken as his consent to the extension of the time allowed, and a waiver of his right to remove the cause.

2. **Removal of Causes—Pleadings—Allegation—Tort.**

   An allegation of the complaint that plaintiff was injured in the course of his employment while obeying a negligent order of a vice-principal of his employer, which with other of their negligent acts caused the injury, the allegation is a joint tort and the plaintiff had the right to regard the wrong either as joint or several.

3. **Removal of Causes—Fraudulent Joinder—Allegations.**

   Where a nonresident is sued jointly with a resident defendant for a joint tort, a petition to remove the cause to the Federal Court for a fraudulent joinder must do more than allege the fraud by general averment by setting out the essential facts so that the court can see there has been such joinder.

4. **Removal of Causes—Petition—Bond—Sufficiency—Jurisdiction—Courts.**

   Sufficiency of the petition and bond of a nonresident to remove the cause to the Federal Court is decided as a matter of law by the State courts, and if there are questions of fact arising on the motion, they are for decision in the Federal Court.

5. **Pleadings—Evidence—Variance—Statutes.**

   An objection to a variance between the allegations of the pleadings and the proof, when prejudicial and misleading, etc., should be taken in apt time, under the provisions of Revisal, secs. 515, 516.

6. **Pleadings — Verdict — Amendments — Court's Discretion — Appeal and Error.**

   It is within the discretion of the trial judge to allow, after verdict, amendments to the complaint in accordance with the evidence, when no change in the cause of action has been made, and, in the absence of abuse of this discretion, no appeal therefrom will lie. Revisal, secs. 505, 507.

7. **Pleadings—Amendments—Presumptions—Appeal and Error.**

   The trial judge will be presumed to have found the facts necessary to support his order allowing an amendment to pleading, when no facts are stated in the record.

8. **Appeal and Error—Issues—Instructions—Assumptions of Risks.**

   In an action to recover damages for a personal injury, where the judge has correctly charged the jury on the evidence as to negligence and contributory negligence, including that as to the plaintiff's assumption of risks, the failure to submit an issue or give a request for instruction as to assumption of risks, is not reversible error.

CIVIL ACTION, tried before *Adams, J.,* and a jury at May Term, 1917, of HAYWOOD.

Plaintiff alleged that he was employed by defendant as lumber inspector and was required, among other duties, to measure and grade lumber as the same was put upon cars for shipment, he being under the superior authority of Charley Buck and J. C. Orndorff, and subject to their orders, which he was bound to obey. He further alleges that while engaged in the performance of his regular duties he was ordered by Charley Buck to leave the place where he was then at work and to transfer some loaded cars from the planing mill over certain tracks and switches to the bill-dock, where they were to be unloaded. That in order to do this work, it was necessary to move a handcar which was heavily loaded with green lumber and then standing on Track No. 2, back to a place beyond a switch, so that the other cars could pass over the tracks to the place of their destination without any obstruction. While engaged in this business, and without any fault on his part, the loaded car was moved and overturned and the heavy and green lumber fell from the car and upon the plaintiff, whereby he was severely injured. He alleges that the overturning of the car, which caused his injury, was due to its having been improperly and negligently loaded.

The defendant filed a petition for the removal of the case to the United States Court, but the judge refused the motion to remove, and defendant excepted.

At the trial, and after the verdict, the plaintiff moved to amend his complaint by alleging that the overloading of the car with lumber, which upset and caused his injuries, was due to the fact that defendant had negligently failed to provide for itself a sufficient number of cars and trucks with which to handle its output of lumber, and resorted to overloading of the cars it had for the purpose of supplying the deficiency. The motion was granted, and defendant excepted. Evidence had been admitted, over defendant's objection, that the car was overloaded, and that there was not a sufficient number of cars for hauling the lumber, and for that reason the car in question was overloaded. The defendant requested the court to submit an issue as to assumption of risk which it tendered, but this request was refused.

The three issues, as to negligence, contributory negligence, and damages, were submitted, and the jury answered them in favor of the plaintiff, assessing his damages at $6,000. Exceptions were taken to the charge of the court and to the refusal of the court to give special instructions. Judgment for plaintiff was entered upon the verdict, and defendant appealed.

*Alley & Leatherwood for plaintiff.*
*Merrimon, Adams & Johnston for defendant.*

WALKER, J., after stating the case: First. The court properly refused to remove the case to the United States Court. In the first place, the petition was not filed within the time allowed by law. The summons was returnable to September Term, 1916, and at that time an order was made enlarging the time for filing pleadings, the plaintiff being given 60 days for filing his complaint, and the defendant 60 days thereafter to file answers. The plaintiff filed his complaint within the 60 days allowed to him, but the defendant's answer was not filed until 3 February, 1917, after the time given by the order for filing it had expired. If there had been no order extending the time, the answer was due before adjournment of the September term of the court, under the statute. The defendant did not except to the order extending the time for filing the pleadings, nor did it move to dismiss the action for failure to file the complaint, and from the record it would appear that it was made with the consent of both parties, if not at their request. Anyhow, the law so construes it.

A like order was made in *Ford v. Lumber Co.,* 155 N. C., 352, and the Court said, in commenting on a motion to remove the cause to the Federal Court: "The summons was returnable to September Term, 1910, at which term an order was made in this cause as follows: 'Plaintiff allowed 40 days to file complaint; defendant has 40 days to file answer.' The defendant did not except to this order and did not move to dismiss the action for failure to file complaint, as it had a right to do. It may be, as contended by defendant, that a petition for removal need not be presented until the complaint is filed, and the record then discloses a removable controversy as to the sum demanded, but under our decisions the defendant has waived his right to remove and submitted himself to the jurisdiction of the court by not excepting to the order we have quoted. By failing to except to it, the defendant is taken to have consented to it. *Lewis v. Steamboat Co.,* 131 N. C., 653; *Bryson v. R. R.,* 141 N. C., 594; *Garrett v. Bear,* 144 N. C., 23. . . . When the defendant takes no exception to the order extending the time within which to file complaint and answer, the order is a consent order and voluntary submission by defendant to the jurisdiction of the court and waiver of a right to remove."

To the same effect is *Howard v. R. R.,* 122 N. C., 944; *Duffy v. R. R.,* 144 N. C., 26; *Pruitt v. Power Co.,* 165 N. C., 416; *Spangler v. R. R.,* 42 Fed., 305; *Fox v. R. R.,* 80 Fed., 945; *Williams v. Telephone Co.,* 116 N. C., 558; *R. R. v. Daughtry,* 138 U. S., 298.

We also are of opinion that the plaintiff has stated a joint tort as having been committed by the defendant, and he had the right thus to regard the wrong either as joint or as several. *Gurley v. Power Co.,*

173 N. C., 447; *Hough v. R. R.,* 144 N. C., 704; *Rea v. Mirror Co.,* 158 N. C., 24, 27; *R. R. v. Miller,* 217 U. S., 209.

The petition for removal does not sufficiently allege a fraudulent joinder, and the State court was not required to give up its jurisdiction. General averments will not do, but the essential facts must be stated so that we can see that there has been such a joinder. *Hough v. R. R., supra,* 144 N. C., 700; *Tobacco Co. v. Tobacco Co., ibid.,* 367; *Smith v. Quarries Co.,* 164 N. C., 351; *Pruitt v. Power Co.,* 165 N. C., 418; *R. R. v. Thompson,* 200 U. S., 215. It can easily be seen from these authori-. ties that defendant has not complied with the statute, and the judge was right in refusing to remove the case. Questions of law in removal cases are decided by the State court, that is, as to the sufficiency of the papers, and questions of fact by the Federal court. *Kansas City R. Co. v. Daughtry, supra,* and 5 Rose's Notes to that case (Sup.), p. 233.

When the evidence was offered as to the shortage in cars, the defendant should have proceeded under Revisal, secs. 515 and 516, as for a variance, if there was thought to be one. We do not think that there was any change in the cause of action by reason of the amendment, and we doubt if the amendment was necessary. *Simpson v. Lumber Co.,* 133 N. C., 95; *Williams v. May,* 173 N. C., 78. The amendment merely added an additional ground of negligence, and did not alter the original nature of the action. The court has ample power to amend, in further-ance of justice, either before or after verdict, Revisal, secs. 505, 507, and we do not review the exercise of its discretion in the absence of a clear abuse of the power. The judge must be presumed to have found the facts necessary to support his order when no facts are stated in the record. *McLeod v. Gooch,* 162 N. C., 122; *Gardiner v. May,* 172 N. C., 192; *Alston v. Holt, ibid.,* 417. We also are of the opinion that the allegations of the complaint, though somewhat general, were reasonably sufficient to include the matter covered by the amendment. Our ruling upon these questions disposes of the first six assignments of error, as to the removal of the cause and the matters of evidence, and, as to the latter, we think it was otherwise competent.

The exceptions to the charge of the Court and to the refusal of prayers for instructions to the jury are without merit. There was evi-dence of negligence sufficient to support the verdict. The real and prox-imate cause of the injuries to the plaintiff was the careless overloading of the car, which became topheavy and when it was put in motion the lumber lost its balance and toppled over and upon him. As his injury was due to the defendant's negligence, we do not see that there was any assumption of risk. *Hux v. Refining Co.,* 173 N. C., 97. Plaintiff was ordered to do the work by a person in authority over him whose orders he was bound to obey, and the jury have virtually found that the risk

and danger were not so obvious that a man of ordinary prudence would not have gone on with the work, under the circumstances, and in the presence of the danger, for the court charged fully as to these matters, and we must presume that the jury observed the instructions. The charge as to contributory negligence fully covered the question as to assumption of risks, and when this is the case, we have held that a specific instruction as to assumption of risks or an issue as to it is not necessary. *Hux v. Refining Co., supra.* This case is very much like the one just cited in all its essential features. The charge was clear and accurate in its recital of the evidence, and in the explanation of the law applicable to it, and requests for instructions were substantially given in the charge. Upon the question of negligence, contributory negligence, including assumption of risks, and also upon concurring negligence, and the negligence of a fellow servant, the law could not well have been more correctly stated.

We affirm the judgment because we can find no error in the record. No error.