This was a condemnation proceeding by the town of Morganton against Hutton Bourbonnais Company, a domestic corporation, for the condemnation of a large body of timber land for the purpose of providing a watershed and a water supply for the town. The summons was issued 12 August, 1922, and a verified petition was filed 12 August, 1922. The petition was in proper form. On 14 June, 1923, upon affidavit of the town manager that he had notice that Herman Bonninghausen, a citizen of Michigan, claimed that he was owner of the lands, an order was granted by the clerk, making said nonresident a party defendant and giving the petitioner leave to file a supplementary petition, and order a summons to issue for said nonresident. The summons *Page 738 
was issued and served by publication. He field the supplementary amendatory petition. Thereafter, on 21 August, 1923, the said nonresident, Bonninghausen, field a petition and bond for removal of the cause to the United States District Court, which was allowed by the clerk, but on appeal to the Superior Court the order was reversed, and the nonresident appealed to this Court.
In Black's Dillon on Removal of Causes, sec. 84, it is said, with a wealth of citations, that the following is the rule upon motions to remove causes from a State to the Federal court: "When there are several plaintiffs or several defendants in the cause, and a removal is asked on the ground of diverse citizenship, it is necessary that all of the parties on one side of the controversy (except merely nominal or formal parties, or parties improperly joined, whose citizenship may be disregarded) should be citizens of a different State or States from all of the parties on the other side. It is not enough that some of the plaintiffs may be citizens of different States from some of the defendants. This will not make the controversy one `between citizens of different States,' within the meaning of the statute as interpreted by the courts. If any one of the plaintiffs is a citizen of the same State with any one of the defendants, the case will not be removable. Even if there is serious doubt as to whether all the defendants are citizens of different States from all the plaintiffs, the Federal court should not take jurisdiction. It is not, however, necessary, when the removal is sought on this ground, that all the plaintiffs should be citizens of the State in which the action is brought, provided they are all citizens of States other than that of which the defendant is a citizen."
In Lawson v. R. R., 112 N.C. 400, Avery, J., quotes Waitt, C. J., inStone v. S.C., 117 U.S. 430, as follows: "A State court is not bound to surrender its jurisdiction of a suit, on petition for removal, until a case has been made which on its face shows that the petitioner has a right to the transfer."
And in Pruitt v. Power Co., 165 N.C. 420, it is said: "It is well settled that the State court should not surrender its jurisdiction unless the petition shows upon its face a removable cause and unless such petition and accompanying bond are filed in the State court within the time required by the act of Congress. R. R. v. Daugherty, 138 U.S. 298. . . . Whether the petition in its tenor, and time of filing, authorizes the removal, is a matter for decision by the State court in the first instance. That court is not paralyzed by the simple presentation of a petition to remove." *Page 739 
Filing of petition in State court does not ipso facto deprive it of jurisdiction. Howard v. R. R., 122 N.C. 944. The Federal court acquires no jurisdiction when petition and bond are filed in clerk's office during vacation. Howard v. R. R., supra; Higson v. Ins. Co., 153 N.C. 40; also,Dick, J., in Fox v. R. R., 80 Fed., 945 (1897).
Whether a case is removable is a question of law, to be decided by the State courts. Patterson v. Lumber Co., 175 N.C. 93; R. R., v. Daugherty,138 U.S. 298; Springs v. R. R., 130 N.C. 198; 122 U.S. 513. And this must be made from the entire record. "The State court is at liberty to determine for itself on the face of the record whether a removal has been effected. If it decides against removal, its action will, after final judgment, be reviewable in the Supreme Court of the United States." Stonev. South Carolina, 117 U.S. 431.
There must be a separable controversy, in which the full rights of the nonresident defendant may be determined without the presence of the resident defendant. Peper v. Fordyce, 119 U.S. 468. In Fraser v. Jenison,106 U.S. 191, it is stated: "To remove a case on the ground that it is a separable controversy, the case must be one capable of separation into parts, so that in one of the parts a controversy will be presented with citizens of one or more States on one side and citizens of other States on the other, which can be fully determined without the presence of any of the other parties to the suit as it was begun." To same effect, Hyde, v. Ruble,104 U.S. 407; Torrence v. Shedd, 144 U.S. 527.
Or if there is a fraudulent or illegal joinder of defendants; but, as was said in Fore v. Tanning Co., 175 N.C. 584, by Hoke, J., "InHollifield v. Telephone Co,. 172 N.C. 714, it was held: `Where a nonresident defendant seeks to remove a cause to the Federal court upon the ground of diversity of citizenship, and alleges in his petition that a resident defendant was fraudulently therein joined to prevent removal, before the State court is under any duty or obligation to surrender its jurisdiction, there must be specific allegation of the facts constituting the alleged illegal or fraudulent joinder, and it is not sufficient to charge generally or by indefinite averment that the joinder is or was intended to be in fraud of the nonresident's rights.'" Also, see TobaccoCo. v. Tobacco Co., 144 N.C. 352,; Hough v. R. R., ibid., at p. 700; 150 Fed., 801.
In R. R., Co. v. Herman, 187 U.S. 63, it is held: "While an action commenced in a State court against two defendants, one of whom is a resident and the other a nonresident, may be removed to the Circuit Court of the United States by the nonresident defendant if it can be shown that the cause of action is separable and the resident defendant is joined fraudulently for the purpose of preventing the removal of the *Page 740 
cause to the Federal court, such removal cannot be had if it does not appear that the resident defendant is fraudulently joined for such purpose."
The question of the nature of the controversy is governed by the complaint. Whether there is separable controversy is determined by the complaint. Staton v. R. R., 144 N.C. 135; Hollifield v. Telephone Co.,172 N.C. 714; Patterson v. Lumber Co., 175 N.C. 92. And the plaintiff is entitled to have his cause of action considered as stated in complaint.Hough v. R. R., 144 N.C. 700-702; Smith v. Quarries Co., 164 N.C. 338;Powers v. R. R., 169 U.S. 92; 179 U.S. 135; 200 U.S. 206.
In Powers v. R. R., 169 U.S. 92, it is said: "A separate defense cannot create a separate controversy or deprive the plaintiff of the right to prosecute his own suit to a final determination in his own way, for the cause of action is the subject-matter of the controversy and is what the plaintiff alleges." Cited in 194 U.S. 138. Also, in R. R., v. Ide,114 U.S. 52, it is said: "A defendant cannot make an action several which a plaintiff has elected to make joint."
In condemnation of land of nonresident defendant alone, Federal court seems to have jurisdiction after appraisers have made their award, but never where a resident defendant is interested in the land.
Compensation (i. e., to nonresident), and not taking, places jurisdiction in the Federal court. McCulloch v. R. R., 149 N.C. 313.
State, and not United States, courts have jurisdiction in condemnation proceedings. Ibid., at p. 317, and cases cited therein.
In Bellaire v. R. R., 146 U.S. 117, it is said: "Where the object of the suit is to condemn and appropriate to the public use a single lot of land, the controversy is not divisible because the two defendants own distinct interests and may be entitled to separate damages; and, therefore, one of them cannot remove the cause as to himself alone from the State court to the Circuit Court of the United States."
This case presents these facts of record: In August, 1922, the town of Morganton instituted condemnation proceedings against Hutton Bourbonnais Company, who duly answered. About nine months passed. On 28 May, 1923, a nonresident, Herman Bonninghausen, subscribed, under oath, a complaint at law — which was later filed in the Federal Court of Western North Carolina — against the petitioner in condemnation proceedings, town of Morganton. Thereafter, the defendant in the condemnation proceedings, Hutton Bourbonnais, filed an amended answer, and thereupon summons and complaint were served upon town of Morganton in the suit at law instituted in the Federal court. Thereupon, the town of Morganton, under C. S., 1716 and 1728, caused the nonresident, Herman Bonninghausen, to be brought in as party *Page 741 
defendant in its condemnation proceeding in the State court, having been put on notice by his suit at law at that he claimed an interest in the land in controversy. Whereupon, the nonresident, having forced himself upon the notice of the town of Morganton by his suit at law, and having made it mandatory upon the town of Morganton to make him party defendant in its proceeding, petitioned for an order of removal, which the clerk signed.
The substance of petitioner's argument is: If the town had alleged that the two defendants were bona fide owners of distinct interests, of whatever character, in the lands in question, then, from that allegation alone, whether or not it was denied by the one and not answered by the other, the right of removal as to the nonresident would ispo facto be defeated. But, since the town alleges, directly or indirectly, that the resident defendant is the real owner and the true party in interest, and that the nonresident is merely a claimant, then such alleged mere claimant, by reason of his being a nonresident, enjoys larger rights than if he were alleged to have abona fide interest in the subject-matter.
The question is whether, in a condemnation proceeding instituted by a municipal corporation, a nonresident defendant — who is an alleged claimant of a tract of land sought to be condemned, and who is joined with an alleged owner who is a resident — may, before joining issues raised on the petition of the town, remove the cause as to himself to the Federal court.
The defendant relies upon the headnote in Railroad Removal Cases,115 U.S. 1, where it was held that, in a proceeding to widen a street, in which certain land owned by a railroad company was sought to be taken, the controversy between the railroad and the city was separable from that between other property owners and the city and removable alone." But it appears that in that controversy the city was condemning several tracts of land, each tract belonging to separate individuals, in one proceeding for widening a street, upon which the several distinct tracts bordered, and the Court held that, in respect to the tract belonging entirely to the railroad company, a nonresident, the matter in respect to this separate property constituted a distinct controversy between the city and the company, and was therefore removable. An examination of the case, however, shows that the appraisal had been made and the question of the amount of compensation had been arrived at, so that it was properly a suit, and "not a special proceeding." In that case Mr. Justice Bradley, for the Court, said, citingBoom Co. v. Patterson 98 U.S. 403, that in the Boom case "the preliminary proceedings were in the nature of an inquest to ascertain the value of the property condemned, or sought to be condemned, by the right of eminent domain, and was not `a suit at law in the ordinary sense of those terms,' and *Page 742 
consequently not a suit within the meaning of the Removal Acts; but that when it was transferred to the District Court by appeal from the award of the commissioners, it took, under the statute of the State, the form of a suit at law, and was thenceforth subject to its ordinary rules and incidents."
"It may be regarded as settled law that the power to take private property for public uses belongs to every independent government exercising sovereign power, for it is a necessary incident to its sovereignty and requires to have no constitutional recognition. U.S. v. Jones,109 U.S. 513. . . . Legislation in the exercise of this inherent power, though subject to judicial control, is said to be practically unlimited if the purpose be a public one and sufficient provision is made for compensation to the owner of the property proposed to be taken. R. R. v.Davis, 19 N.C. 451; Lecombe v. R. R., 23 Wall., 108. The mode of exercising the power of eminent domain, unless otherwise provided in the organic law, rests in the sound discretion of the Legislature, subject, however, to the principle just stated, that there must be sure and adequate provision for compensating the owner."Jeffress v. Greenville, 154 N.C. 494, and cases therein cited. To the same effect, Kohl v. U.S., 91 U.S. 451.
"The method for taking the land for public use is within the exclusive control of the Legislature, limited by organic law. The exercise of this power being a political and not a judicial act, the courts cannot help the injured landowner in a case like this, where the statute has been strictly followed until the question of compensation is reached." Durham v. Rigsbee,141 N.C. 132, and cases there cited.
The proceeding in the present case, before commissioners appointed to appraise the land, was in the nature of an inquest to ascertain its value, and not a suit at law in the ordinary sense of those terms. The counsel for Bonninghausen in this case state in their brief that he has instituted an action of ejectment in the United States District Court against the town of Morganton, alleging that he is the owner in fee of said lands and that the plaintiff has unlawfully trespassed upon the same, demanding judgment to be declared sole owner and recover damages for the trespass. The plaintiff has moved, under C. S., 1414, to amend, in this Court, by setting up the contract between Bonninghausen and Hutton Bourbonnais and the deed executed to said Bonninghausen. This the Court has power to permit, and the counsel for said Bonninghausen has also consented that these may be inserted in the record.
An examination of these papers shows a conveyance from Arthur G. Olmstead and wife and others to Herman Bonninghausen, with an express stipulation that said parties of the first part "do not warrant, *Page 743 
by express or implied warranty, or agree to defend against or convey or intend to convey any other or greater title, interest or possession than was invested in them by a deed from the South Mountain Land Company on 22 March, 1901, and the contract, made the same day by said Bonninghausen to Hutton Bourbonnais, recites that he "holds said lands only in and upon the trust above mentioned, and that upon demand by the parties of the second part (Hutton Bourbonnais) he will convey the lands to the South Mountain Lumber Company or to such other firm, etc., as the parties may designate." In effect, therefore, it appears that the legal title has been placed in Bonninghausen to convey the property to any person that may be designated hereafter by Hutton Bourbonnais, a North Carolina corporation.
It would be singular, indeed, if upon these facts the State was deprived of the right to condemn this property for the public use of the town of Morganton.
Whenever the matter of distribution of the compensation arises, then, and not until then, would the matter of jurisdiction be presented as to whom it shall be distributed. At present Hutton Bourbonnais are the beneficial owners, having power to direct to whom the conveyance by the trustee, Bonninghausen, shall convey the land. Bonninghausen holds only the bare legal title, as trustee, to convey at the instance of Hutton 
Bourbonnais, a North Carolina corporation.
The petition to remove the cause to the Federal court was properly denied.
Affirmed.